M. F. PHILLIPS v. SOUTHERN RAILWAY COMPANY.

(Decided March 7, 1899).

*Carrier and Passengers—Railroad Regulations.*

1. It is the coming to the station within a reasonable time, with the *intention* to take the next train, and not the purchase of a ticket (which is merely evidence of the intention), that creates the relation of passenger and carrier.

2. Railroads have reasonable control over their waiting-rooms and the right to establish regulations for the opening and closing of the same—they are not lodging places.

3. A regulation which requires the opening of the waiting rooms not less than thirty minutes before the arrival of trains, and their closing after the departure of trains, is a reasonable regulation for the accommodation of passengers; the case of delayed trains and through passengers might form exceptions to the rule.

CIVIL ACTION to recover damages, alleged to have been occasioned by the wrongful ejection of the plaintiff from the depot waiting-room, at Asheville, by defendant, tried before *Green, J.,* at May Term, 1898, of the Superior Court of HENDERSON County.

It was in evidence that the plaintiff, a resident of Henderson County, bought a ticket at Asheville for passage to Hot Springs, in Madison County; that he procured his ticket about dark on December 15, 1896, at the depot, the train to leave at 2 o'clock A. M. of December 16; that he left the depot and went up town to make some purchases, and returned about 8 o'clock, and went into the waiting-room to remain until his train was to leave. Soon after he had entered, the employee of the defendant company came in to close up and required him to leave. He objected and showed his ticket, but upon

demonstrations made to put him out, he left, and having no money to pay for accommodations awaited in the dark and cold for the arrival of his train, and that his health was seriously affected by the exposure.

It was in evidence on the part of the defendant that the rules of the company required the closing of the waiting-rooms after the departure of trains, to remain closed until thirty minutes before the departure of its next train, and that the plaintiff was so informed.

Upon the evidence the defendant insisted the plaintiff was not entitled to recover and asked his Honor so to charge. This his Honor declined to do—and in effect charged the other way. Defendant excepted.

Verdict and judgment for plaintiff for $500.

Appeal by defendant.

*Messrs. G. F. Bason, F. H. Busbee* and *A. B. Andrews, Jr.,* for defendant (appellant).

*Mr. T. J. Rickman,* for plaintiff.

FURCHES, J. On the 15th of December, 1896, the plaintiff, intending to take the next train on defendant's road to Hot Springs, in Madison County, entered the defendant's waiting-room at Asheville about eight o'clock at night, with the intention of remaining there until the departure of the next train on defendant's road for Hot Springs, which would leave at 1:20 o'clock of the next morning. He was informed by defendant's agent, in charge of the waiting-room, that according to the rules of the company, she must close the room and that he would have to get out. The plaintiff protested against this, and refused to leave.

But when the clerk of defendant's baggage department (Graham) came and told him that he could not stay, and

made demonstrations as if he would put him out, he left; that he had no place to go where he could be comfortable; that the night was cold; that he was thinly clad and suffered very much from this exposure, and took violent cold therefrom, which ran into a spell of sickness from which his health has been permanently injured.

It was in evidence, and not disputed, that the rules of defendant company required the waiting-room to be closed after the departure of defendant's train, and to remain closed until thirty minutes before the departure of its next train; that, under this rule of the defendant, it was time to close the waiting-room when the plaintiff was ordered to leave the room, and he was informed that it would not be opened again until thirty minutes before the departure of defendant's next train at 1.20 o'clock of the next morning.

The plaintiff contended that he had purchased a ticket from Asheville to Hot Springs before he entered the waiting-room, which he showed to the keeper of the room at the time he was ordered out. This was denied by defendant.

The defendant asked in writing a great number of instructions which were not given. Among these was the following: "If the jury believe the evidence, the answer to the first issue should be "No." The first issue was as follows: "Was the plaintiff injured by the negligence of the defendant, as alleged in the complaint. ?"

The Court among other things charged the jury that if the plaintiff bought a ticket to take passage on the next train, he had a right to remain in the waiting-room until that train left, and that if the jury found from the evidence that plaintiff had bought a ticket and exhibited it, as he alleges he did, he is entitled to recover actual damages, but not punitive damages. To that part of the charge referring to the purchase of the ticket and plaintiff's right to remain in the waiting-room, the defendant excepted.

We are of the opinion that both these exceptions are well taken, but it is not necessary that we should discuss them both. If either one of them is sustained, it is substantially an end to the plaintiff's case. In fact, the discussion of the one involves the other.

A party coming to the railroad station with the intention of taking the defendant's next train becomes, in contemplation of law, a passenger on defendant's road, provided that his coming is within a reasonable time before the time for departure of said train. To constitute him such passenger it is not necessary that he should have purchased his ticket, as seems to have been considered by his Honor. 1 Fetter on Carriers of Passengers, section 228. But the purchase of the ticket would probably be considered the highest evidence of his intention. But still, it is his coming to the station within a reasonable time before, with the *intention* to take the next train, that creates the relation of passenger and carrier. There is no dispute but what the plaintiff intended to take the defendant's next train to Hot Springs, and we must infer from the charge of the Court and the verdict of the jury that they found that plaintiff had purchased his ticket.

So the only question that remains is as to whether the defendant had the right to establish the rule for closing the waiting-room, and was the rule a reasonable one? And we are of the opinion that the defendant had the right to establish the rule and that it was a reasonable one. *Webster v. Fitchburg R. Co.,* 161 Mass., 298; 34 At. Rep., 157; 1 Elliott on Railroads, sections 199 and 200; 4 Elliott on Railroads, section 1579.

The rule would probably be different in the case of through passengers, and in the case of delayed trains; but if so, these would be exceptions and not the rule.

Waiting-rooms are not a part of the ordinary duties per-

taining to the rights of passengers and common carriers. But they are established by carriers as ancillaries to the business of carriers and for the accommodation of passengers, and not as a place of lodging and accommodation for those who are not passengers. This being so, it must be that the carrier should have a reasonable control over the same, or it could not protect its passengers in said rooms. There is error.

New trial.