N. B. FINCH v. ATLANTIC COAST LINE RAILROAD COMPANY.

(Filed 6 October, 1909.)

1. **Railroads—Shipper—Cotton—Licensee.**

   One who is preparing bales of cotton for shipment in a customary manner on the platform provided by a railroad company for the purpose is not a bare licensee.

2. **Railroads—Cotton Platform—Repairs—Duty to Shippers—Negligence—Questions for Jury.**

   A railroad company owes a duty to its patrons shipping bales of cotton over its lines to keep in repair its platform used and furnished by it for that purpose, and when there is evidence tending to show that one thus shipping cotton, while complying with the instructions of defendant's agent in heading up the bales so that their marking could readily be seen, was injured by his foot catching in a hole in the platform left by a rotting plank, which was concealed by the bale he was then handling, it is sufficient to take the case to the jury upon the issue of defendant's negligence. In this case the question of contributory negligence was not presented.

APPEAL from *O. H. Allen, J.,* March Term, 1909, of NASH.

Civil action, to recover damages for an injury sustained by plaintiff from falling in a hole in defendant's cotton platform at Springhope.

These issues were submitted to the jury:

1. "Was plaintiff injured by the negligence of defendant?" Answer: "Yes."

2. "What damage is plaintiff entitled to recover?" Answer: "Two thousand five hundred dollars."

From the judgment rendered the defendant appealed.

The facts are sufficiently stated in the opinion of the Court.

FINCH *v.* RAILROAD COMPANY.

*Jacob Battle* for plaintiff.
*Bunn & Spruill* for defendant.

BROWN, J.   The only controversy in this appeal arises upon the refusal of his Honor to allow the motion to nonsuit, and in so ruling we are of opinion he did not err.   The evidence tends to prove that the plaintiff was a merchant and cotton buyer of Springhope, in which town the defendant had, on its right of way, near its station house, a large platform, upon which it was required that cotton bales should be placed before bills of lading would be issued for the same.   It was also required or requested by the defendant that the bales should be "headed up," put in an upright position, with the marked ends up.   This platform was kept up by the defendant to receive cotton intended for shipment over its road, and, as its agent testified, it was required that cotton be placed on the platform before bills of lading would be issued for it, and headed up so the marks could be seen and taken down by the agent.   On the occasion in question the plaintiff purchased in the streets a bale of cotton from a farmer, and he threw it out of his cart on said platform, according to the usual custom.   The bale was lying down flat and covered a hole in the platform seven or eight inches wide and two or three feet long, a decayed piece of plank having broken out there. The plaintiff, with the assistance of the farmer, was engaged in putting the bale in an upright position, in order to meet the requirement of the defendant and intending to have it shipped by the defendant, when his left leg went down in the hole and the bale fell on his right leg and he was seriously injured.   The defense of contributory negligence is not set up in the answer.

Upon these facts we think the defendant is plainly liable, upon well-settled principles.   *Dowd v. Railroad,* 20 L. R. A., 531, and cases cited; 16 Am. & Eng. (1st Ed.), 413, 415; 21 Am. & Eng. (2d Ed.), 417, note 2; 2 Jaggard on Torts, 895, 896.   At the time plaintiff was injured he was not a bare licensee, as in *Quantz v. Railroad,* 137 N. C., 136, or *Peterson cases,* 143 N. C., 260, but the inducement to deposit his cotton on the platform was equivalent to an invitation to do so.   *Briscoe v. Light Co.,* 148 N. C., 405.   At the time he was injured plaintiff was engaged in obeying the instructions of defendant's agent to head up the bale so the mark could be taken down by him and bill of lading issued. Plaintiff was really transacting business with the company, as he was delivering the bale on the platform kept by defendant for the purpose of receiving it for shipment.

The defendant owed a duty to its patrons so engaged to keep the platform in repair.   *Phillips v. Railroad,* 124 N. C., 126; 1 Fetter on Carriers, sec. 228.   The judgment is          Affirmed.