E. V. AUTRY, ADMINISTRATRIX OF B. L. AUTRY, v. ATLANTIC COAST LINE RAILROAD COMPANY.

(Filed 18 October, 1911.)

1. **Railroads—Freight Depot—Dangerous Conditions—Negligence.**
    A railroad company is required to keep its premises in a reasonably safe condition for persons who come for the purpose of receiving freight from their depots.

2. Same—Notice—Evidence—Questions for Jury—Contributory Negligence.

> Plaintiff's intestate went to the defendant's freight depot to receive heavy machinery packed in boxes, and when leaving, with the boxes on his wagon, the wagon wheel fell into a hole, which caused the boxes to fall on him and crush his head, and he died from the injury thus received. There was evidence tending to show that the hole was on the defendant's premises and in the only available way of ingress and egress, and that the railroad company had been previously notified of the danger of this hole and had promised to remedy it: *Held,* (1) evidence sufficient as to defendant's negligence to sustain a verdict in plaintiff's favor; (2) the proximate cause of the injury was the falling of the wagon wheel into the hole.

APPEAL from *Cooke, J.,* and a jury, February Term, 1911, of CUMBERLAND.

This was a civil action for the alleged negligent killing of the plaintiff's intestate near the defendant's freight depot at Hope Mills, N. C., on the first day of July, 1903.

The court submitted these issues:

1. Was the plaintiff's intestate, B. L. Autry, killed by the negligence of the defendant? Answer: Yes.

2. Did the said B. L. Autry, by his own negligence, contribute to his death? Answer: No.

3. What amount is the plaintiff entitled to recover as damages? Answer: $2,000.

From the judgment rendered the defendant appealed.

*H. L. Cook, Sinclair & Dye for plaintiff.*
*Rose & Rose for defendant.*

BROWN, J. In apt time the defendant moved to nonsuit. His Honor properly denied the motion.

There is abundant evidence in the record tending to prove that plaintiff's intestate, an employee of the Hope Mills Manufacturing Company, was sent with a wagon to defendant's freight depot for certain heavy boxes of mill machinery; that they were safely loaded on the wagon, and that on way out from the depot the wagon wheel ran into a rut or hole 8 inches deep, which caused the boxes to topple over, throwing the in-

testate out of the wagon, and the box, which he had attempted to hold steady, fell upon and crushed his head.

Plaintiff also introduced evidence tending to prove that "the place or hole where the wagon dropped in was 2½ feet from corner of depot. No other way to get out from the depot but to go that way; it was on the right of way, and it was not a public road along there." There was also evidence tending to prove that the mayor of the town had notified by letter defendant's general manager of the condition of the right of way, and that he had written that it should be properly attended to.

There was evidence also by defendant that the hole was not on the right of way, as well as other evidence contradicting plaintiff's averments.

We think the jury were warranted by the evidence offered by plaintiff in finding that plaintiff's intestate was rightfully at the station removing the freight; that he took only way out; that on the defendant's premises the wagon wheel ran into the deep rut and caused the boxes to fall on the intestate and kill him.

The negligence consists in evidence of defendant's failure to keep its premises in a reasonably safe condition for persons who come for the purpose of transacting business. *Finch v. R. R.,* 151 N. C., 105, and cases cited; *R. R. v. Wolfe,* 80 Ky., 82.

The disputed question as to whether the hole was on the defendant's premises was properly and fairly put to the jury.

As to what was the proximate cause of the injury, instead of leaving it to the jury, his Honor might well have charged them that upon all the evidence it was the falling of the wagon wheel into the hole.

We have examined the several assignments of error and think that none of them can be sustained. To discuss them *seriatim* is, in our opinion, needless.

No error.