### 3163.　SMITH *v.* SEABOARD AIR-LINE RAILWAY.

1. A rule or regulation promulgated by the railroad commission of this State relating to the reception of passengers by railroad companies and the keeping open of their depots and stations, must be presumed to be just and reasonable; and whether such a rule or regulation is reasonable or not is a question of law.
2. The fact that a rule prescribed by the railroad commission, for the conduct of the railroad companies with reference to the keeping open of their depots and stations and the reception of passengers therein, may in a particular case result in hardship or injury is not a criterion by which to test the reasonableness of the rule. If the rule conduces to the interest of the railroad company and works no hardship upon the traveling public generally, it must be considered as reasonable.
3. A person coming to a railroad station with the intention of taking the next train is, in contemplation of law, a passenger, provided his coming is within a reasonable time before the departure of the train.
4. Rule number 10 of the railroad commission of Georgia, which provides, that "At junction points railroad companies shall be required to open their depot waiting-room, for the accommodation of the traveling public, at least 30 minutes before the schedule time of the arrival of all passenger trains. At local or non-junction points all such waiting-rooms shall likewise be opened, provided that the same shall not be required to be opened, nor kept open, after 10 o'clock p. m., except for delayed trains due before that hour, in which case such rooms shall be kept open until the actual arrival of such delayed trains," is reasonable; and one who comes to the depot for the purpose of taking a train is not a passenger unless his coming is within the limitations of the rule.
5. The allegations of the petition, construed in the light of the above-quoted rule, set up no cause of action, and the trial judge properly sustained the demurrer and dismissed the petition.

DECIDED JANUARY 15, 1912.

Certiorari; from Liberty superior court—Judge Seabrook. December 3, 1910.

Suit in the county court was brought against the Seaboard Air-Line Railway, to recover damages for a tort. The court sustained a general demurrer to the petition. On certiorari, the superior court affirmed the judgment; and the judgment of the superior court is here for review.

The petition makes in substance the following case: At 8 o'clock

at night the petitioner, in company with two other persons, went to the railway station at Riceboro, Georgia, for the purpose of becoming a passenger on the Seaboard Air-Line Railway train going to Savannah and due at Riceboro at 10 minutes after 10 o'clock that evening. The night was extremely cold, and the waiting-room at the station was well heated by a large fire, and the petitioner and her friends went into this room. The train due to arrive at 10.10 o'clock was delayed, and did not arrive until 1.15 o'clock that morning. A little after 9 o'clock the station agent, acting within the scope of his authority in the discharge of his official duties, notified the petitioner and her friends that it was time for him to go home, and he closed the station, and they could not remain in the waiting-room. The petitioner informed him that they intended becoming passengers on the train for Savannah, and protested against being turned out into the cold, and begged the agent, if he must close the office, to permit the waiting-room to remain open, so they could stay therein and be comfortable while waiting for the arrival of the delayed train. This request he refused, and put the petitioner out into the cold. As there was no other shelter she was compelled to remain out in the cold from 9 o'clock to 1.15 o'clock a. m. This exposure to cold made her ill. She contracted a severe cold which compelled her to go to bed, where she suffered greatly from aches and pains in her chest and from annoyance attendant upon the cold. She alleges, that under the circumstances detailed above, she had a right to remain in the station-room until the overdue train arrived; that the defendant owed her the duty to permit her to remain therein, where it was warm and comfortable, and that, through its employee, it violated its direct duty to her in denying her the legal right to remain in the waiting-room, where comfort was already provided, and in compelling her to vacate this room and to go out in the intense cold, resulting in the personal injuries narrated. She left the waiting-room only under the order and demand of the station agent, and, after doing so, did everything in her power to protect herself from the cold, and in no way consented or contributed to her injuries. She charges that her injuries were directly and proximately due to a breach of duty on the part of the defendant. She sues for damages for a breach of the public duty which the railway company owed to her as a passenger, which resulted in the personal injuries above set out. She charges

also that the action of the agent was wilful and wanton, in utter disregard of her rights, and she seeks also to recover punitive damages.

In support of a demurrer the railway company relied upon rule No. 10 of the railroad commission of Georgia, of which the courts take judicial cognizance, and which is as follows: "At junction points railroad companies shall be required to open their depot waiting-room, for the accommodation of the traveling public, at least 30 minutes before the schedule time of the arrival of all passenger trains. At local or non-junction points all such waiting-rooms shall likewise be opened, provided that the same shall not be required to be opened nor kept open after 10 o'clock p. m., except for delayed trains due before that hour, in which case such rooms shall be kept open until the actual arrival of such delayed trains." It is insisted that under this rule there was no duty upon the railway company to open or heat its waiting-room at the hours stated in the petition when the plaintiff entered the waiting-room and when she was directed to leave by the station agent, for the reason that the train which she intended to take was scheduled to arrive after 10 o'clock p. m.

The plaintiff insists that this rule is unreasonable and void, and consequently that the company would not be protected under its provisions; that even if valid, it is not applicable in the present case, for the reason that, the company having heated and opened its waiting-room and having received therein passengers intending to take a train scheduled to arrive after 10 o'clock p. m., the provisions of the rule were waived; that at common law it is the duty of a railway company to provide a comfortable waiting-room for its passengers a reasonable length of time before the arrival of its trains; that it was beyond the power of the railroad commission of Georgia to change the common law by the promulgation of a rule, and that, irrespective of the rule, the railroad company owed a common-law duty to the plaintiff, which it violated, and for which a recovery may be had; since there is no legislative action changing the common-law duty.

*Twiggs & Gazan,* for plaintiff, cited: Civil Code (1910), § 2727; *Riley* v. *W. & T. R. Co.,* 133 *Ga.* 417; Phillips v. Southern Ry. Co., 124 N. C. 123 (32 S. E. 388, 45 L. R. A. 163); Coleman v. Southern Ry. Co., 50 S. E. 692; International & G. N. R. Co. v. Doo-

lan (Tex. Civ. App.), 120 S. W. 1122; 2 Hutchinson, Carriers, § 931; 2 White, Pers. Inj. on Railroads, § 622.

*Anderson, Cann & Cann, T. F. Walsh Jr.,* for defendant, cited: Page v. R. Co., 129 Ala. 232 (29 So. 676); 26 A. & E. Enc. L. (2d ed.) 492 (2), and cit.; Civil Code (1910), §§ 2630, 2664; *A., B. & A. R. Co.* v. *Emanuel,* 6 *Ga. App.* 319; *So. Ry. Co.* v. *Atlanta Stove Works,* 128 *Ga.* 207 (3), 217; *Central Ry. Co.* v. *Motes,* 117 *Ga.* 923; *Brown* v. *G., C. & N. Ry. Co.,* 119 *Ga.* 88; 4 Elliott, Railroads, § 1579, pp. 381-2; L. & N. R. Co. v. Commonwealth (Ky.), 43 S. W. 458; Louisville &c. Ry. Co. v. Wright (Ind. App.), 47 N. E. 491; Northern Pacific R. Co. v. Territory of Washington, 142 U. S. 492 (35 L. ed. 1092); McDonald v. Chicago &c. R. Co., 26 Iowa (96 Am. Dec. 114); Caterham Ry. Co. v. London &c. R. Co., note in 1 Ry. Cas. 32, and cases cited supra for plaintiff.

HILL, C. J. (After stating the foregoing facts.) The basis of liability for negligent torts is breach of duty, and in this case the railroad company is sued for damages for a breach of its public duty as a carrier of passengers. If the railroad company, under the allegations in the petition, owed the plaintiff a duty which was violated, and without any fault on her part damage resulted to her, she would have a right to recover. Did the railroad company owe her any duty? Learned counsel for the plaintiff contend that at common law it was the duty of railroad companies to provide comfortable waiting-rooms for passengers, a reasonable length of time before the arrival of trains. Learned counsel for the defendant insist that this was not so at common law; that under the common law, railroad companies were under no duty to maintain comfortable waiting-rooms at their stations for persons purposing to become passengers. There is authority for both contentions, and the weight of authority is in favor of the latter proposition. This is immaterial, however, for in this State, in so far as cities of a thousand inhabitants are concerned, the statute makes it the duty of railroad companies operating passenger-trains to have station accommodations for passengers, and to keep them open at least one hour before the arrival and a half hour after the departure of trains, according to the scheduled time for arrival and departure, and to keep the waiting-room lighted and comfortable between the hours of 6 o'clock a. m. and 6 o'clock p. m., for the comfort and convenience of passengers. Civil Code (1910), § 2727. This statute law

applies only to towns and cities of more than a thousand inhabitants. The law of this State, however, as declared by the Supreme Court, makes it the duty of railroad companies to provide accommodations at their stations for passengers, and makes them liable for such damages as proximately flow from a violation of this duty. In *Brown* v. *Georgia, Carolina & Northern Railway Company,* 119 *Ga.* 90, Mr. Justice Lamar announces the general rule on this subject as follows: "Railroad companies are bound to provide reasonable accommodations at their stations for passengers who are invited to travel on their roads; and will be liable for such damages as proximately flow from a violation of this duty. The character of the accommodations required, of course, varies with the amount of business done at a particular point; and the company might be relieved altogether of the obligation to furnish depots at flag-stations, or points where trains stop for the accommodation of occasional travelers. But even where waiting-rooms are maintained, the company is only required to keep them open for a reasonable time before and after the departure of trains." The learned Justice cites a number of authorities in support of this proposition. It can not be doubted that the railroad company was under a duty to keep open and in a comfortable condition the waiting-room at Riceboro, for the comfort and convenience of passengers.

Was the plaintiff in this case a passenger when she was turned out of the waiting-room by the agent of the defendant? If she was, the railroad company owed her extraordinary diligence in taking care of her. If she was not, the defendant owed her no duty in connection with the waiting-room. Elliott, in his admirable work on Railroads, lays down the true rule for determining whether or not the plaintiff was a passenger, under the allegations of her petition. In volume 4, section 1579, he uses the following language: "We think it safe to say that a person becomes a passenger when, intending to take passage, he enters a place provided for the reception of passengers, as a depot, waiting-room, or the like, at a time when such a place is open for the reception of passengers intending to take passage on the trains of the company." And he cites many decisions in the notes, in support of this general rule. To this general rule, however, he makes the following material qualification: "Where, however, by reasonable rules or regulations a railroad company designates the times at which places will be ready for the re-

ception of passengers, a person can not become a passenger by entering such places in violation of the rules, or at an unreasonable time." He cites many authorities in support of this qualification to the general rule. As stated by the Supreme Court in the case of *Riley* v. *W. & T. Railroad Co.,* 133 *Ga.* 417 (65 S. E. 890, 24 L. R. A. (N. S.) 379), "a person going to a station has no absolute right to require the waiting-room to be kept open and in comfortable condition for passengers an unreasonable length of time before that fixed for the departure of the train, nor to use the room for lying down and sleeping." The Supreme Court of North Carolina, in Phillips *v.* Southern Ry. Co., 124 N. C. 123, announces the general rule with a qualification, as follows: "A person coming to a railroad station with the intention of taking the next train is in contemplation of law a passenger, provided his coming is within a reasonable time before the departure of the train."

Was the plaintiff, under the allegations of the petition, a passenger a little after 9 o'clock, when she was turned out of the waiting-room by the station agent? It is wholly immaterial to consider whether she was a passenger when she went to the station at 8 o'clock and went into the waiting-room; for the time when her rights should be determined is the time when she was deprived of the privilege and comforts of the waiting-room, and not when she first entered into it. The train which she intended to take was due at 10.10 p. m. She was in the waiting-room, intending to be a passenger, about one hour before the train was due, according to its schedule. In the absence of any express rule on the subject by the railroad company, or by the railroad commission of this State, we would be inclined to hold that she was in the waiting-room at a reasonable time before the arrival and departure of the train on which she intended becoming a passenger; at least, that the question should be determined by the jury. But the railroad commission of Georgia has promulgated a rule exactly in point, and this rule provides that railroad companies shall only be required to open their depot waiting-rooms for the accommodation of the traveling public at least 30 minutes before the schedule time for the arrival of passenger-trains. Under this rule the railroad company was not required to open its waiting-room at Riceboro for the accommodation of passengers until 30 minutes before the arrival of the train, which was due at 10.10 p. m. It was immaterial that it

opened the waiting-room before that time. That was a mere voluntary act on its part. The rule provides further that the railroad company shall not be required to open or keep open its waiting-room after 10 o'clock p. m., except for delayed trains due before that hour. The train in this case was delayed, but it was not scheduled to arrive before 10 o'clock. It was scheduled to arrive at 10 minutes after 10 o'clock. Therefore, it was not within the terms of this rule. We are compelled to conclude that the petitioner was not a passenger when she was turned out of the waiting-room by the station agent.

It is insisted by counsel for the plaintiff that without any reference to the rule promulgated by the railroad commission on the subject, the railroad company as a matter of fact had its waiting-room open and warm and comfortable at 8 o'clock, when the plaintiff came to the station for the purpose of becoming a passenger, and she was received into the room by the company, and that this conduct amounted to a waiver of the conditions and terms of the rule, that having received her into the room, it had no right subsequently to turn her out into the cold, knowing that she intended to take passage on the delayed train, and that in doing so, it was guilty, through its agent, of a wilful and wanton tort. There is no allegation in the petition that the station agent knew at what hour she came into the station-room, or for what purpose she had entered, until he went to her a little after 9 o'clock and told her that he must close and she must get out. Of course, it can not be said that railroad companies receive every person who goes into their waiting-rooms at unreasonable times, as passengers. She had no right in the waiting-room as a passenger until she went there at the time when, under the rules, it was the duty of the company to keep open the waiting-room for the accommodation of passengers.

Was the rule relied upon by the railroad company and promulgated by the railroad commission a reasonable rule or regulation on the subject? Whether a rule or regulation of the character in question is or is not reasonable is to be determined as a matter of law by the court. *Central Ry. Co.* v. *Motes*, 117 *Ga.* 923 (43 S. E. 990, 62 L. R. A. 507, 97 Am. St. R. 223) ; 1 Elliott on Railroads, § 199. And especially is this true where, as in this State, the rules and regulations are intrusted by the legislature to the wisdom of the railroad commission. Every presumption must be indulged in

favor of the reasonableness of a rule or regulation prescribed by the railroad commission. A rule or regulation of the railroad commission relating to passengers, or to the reception of passengers at depots or elsewhere, should be manifestly unjust to the general public, and its enforcement a hardship to the traveling public, or to the railroad company, before it should be declared unreasonable.

The fact that the rule worked a hardship in a particular or individual case, under the peculiar facts of that case, is not a criterion by which to judge of its reasonableness. In this case, according to the allegations of the petition, the operation of the rule resulted in great discomfort and injury to the plaintiff. It seems to us that this hardship might have been avoided or greatly alleviated by the exercise of some discretion on the part of the agent of the railroad company. In view of the circumstances, it would have been a wise exercise of discretion on the part of this agent to have permitted the plaintiff to remain in the station-room; but the rule did not require him to do so, and his obedience to the rule, although it resulted in hardship and damage to the plaintiff, was not such a tort on his part as would make the company responsible. Certainly it can not be said that railroad companies are required to keep their waiting-rooms open all night for the reception of passengers at stations of the character of Riceboro. They could only be expected and required to keep their station open a reasonable length of time before and after the departure of trains. In the case of *Central Ry. Co.* v. *Motes,* supra, Mr. Chief Justice Simmons says: "It seems reasonable to assert that a railway company could not be considered unreasonable if it adopted a regulation whereby a passenger was not admitted to its waiting-room until an hour or so before the departure, on schedule time, of a train the passenger desired to take. Nor would it appear more unreasonable for the carrier to actually keep its waiting-room open all night for the accommodation of its patrons, permitting them to enter it at any time they choose." But it would be profitless to extend the discussion. The rule or regulation in question has been prescribed by the railroad commission of this State, and no reason is shown why the rule, in its operation as regards the business and interest of the railroad company and the convenience and comfort of the general public, is not a reasonable rule; and this court, although in the

particular case the operation of the rule may have worked a hardship, is not willing to condemn a rule as unreasonable which has been promulgated by the railroad commission presumably with due regard to the interest of both the railroad company and the traveling public. We therefore hold that the court did not err in sustaining the demurrer and dismissing the petition.

*Judgment affirmed.*

RUSSELL, J., dissenting. With all due respect to the rule of the railroad commission, and without being prepared to declare unreasonable the rule which permits railroad companies to close their offices and waiting-rooms in towns of less than 1,000 inhabitants at 10 o'clock p. m., except for delayed trains which are due before that hour, and leaving entirely out of consideration the fact that in the particular case the train was due to arrive only 10 minutes after 10, I feel compelled to dissent from the opinion of the majority of the court in this case.

It is plain to me, from the allegations of the petition, that the defendant, by the conduct of its agent, waived the rule in this case. He knew, or by the exercise of ordinary diligence could have known, that the plaintiff was intending to take passage on the train to Savannah; and as it is alleged in the petition that the train was not expected to arrive until a quarter past one, he knew also that the train was several hours behind time. Therefore, to my mind, the keeping open of the waiting-room in the earlier portion of the night was an invitation to the plaintiff to use the waiting-room; and the case does not differ materially from that of *Riley* v. *W. & T. Railroad Co.*, 133 *Ga.* 413 (65 S. E. 890, 24 L. R. A. (N. S.) 379), where the agent of the railroads invited the plaintiff to enter, and thereafter forced her to leave the waiting-room. See the opinion in that case, pages 417-418, and Phillips v. Southern Railway Co., 124 N. C. 123 (32 S. E. 388, 45 L. R. A. 163). To my mind the entry of this plaintiff into the depot (which must be construed to have been permitted by the company's agent, because the depot was warmed and lighted, and because it is the duty of the agent to know who is in the depot) constituted her a passenger; and a tacit invitation was equivalent to the express invitation set forth in the *Riley* case. The conduct of the agent implied a promise that in this instance the rule which permitted the railroad company to close the office would be waived for her benefit.

Furthermore, in my opinion, the railroad company owed the plaintiff a common-law duty irrespective of the rule. It is the duty of a railroad company to provide a comfortable waiting-room for its passengers a reasonable length of time before the arrival of trains. International & G. N. R. Co. *v.* Doolan (Tex. Civ. App.), 120 S. W. 1118. The defendant railroad company having received Mrs. Smith in its waiting-room, which was heated and lighted, and thereby waived the regulation of the railroad commission in its favor, thereafter violated its common-law duty in not providing a comfortable place for the passenger while waiting for her train, irrespective of the railroad commission's rule. Any other rule, in my opinion, would, in many instances, enable railroad companies, where trains are delayed, to take advantage of their own wrong. We have been unable to find a copy of Sayles' Annotated Civil Statutes of 1897, so as to examine the statute cited in the case last cited; but we can fairly determine its contents by the reference made to it in the decision. In fact, it is stated in the tenth headnote of the decision that that article requires carriers to keep passenger stations warm for at least one hour before and after the departure of trains, and yet it is stated in the eleventh headnote that it is the duty of carriers to keep their passenger stations comfortably heated during all the time passengers are reasonably authorized to use the same, irrespective of the statute. Upon the authority of that case, as well as in view of the natural inference arising from the ruling in the *Riley* case, supra, it seems to me that the plaintiff in the present case suffered an actionable wrong when she was ejected from the railroad station after being tacitly invited to occupy it, and that if she was damaged by being exposed at night to the rigors of winter in a place where she could not obtain a shelter, the carrier is liable for these damages.