*H. J. Quincey, Elkins & Wall*, contra.

---

4309.  HUGGINS *v.* ATLANTA & WEST POINT RAILROAD Co.

HILL, C. J.  This case falls within the principle announced by this court in *Smith* v. *Seaboard Air-Line Railway*, 10 *Ga. App.* 227 (73 S. E. 523), and cases there cited. See, also, *Central of Georgia R. Co.* v. *Motes*, 117 *Ga.* 923 (43 S. E. 990, 62 L. R. A. 507, 97 Am. St R. 223); *Brown* v. *Georgia, Carolina & Northern R. Co.*, 119 *Ga.* 88 (46 S E. 71).

*Judgment affirmed.*

DECIDED NOVEMBER 27, 1912.

Action for damages; from city court of Atlanta—Judge Reid. May 18, 1912.

A general demurrer to the petition was sustained. The petition alleged, that the plaintiff bought of the agent of the defendant railroad company at East Point, at 7 o'clock p. m., a ticket from that place to Fairburn, where he lived (a distance of some twelve

miles), paying full fare for the ticket, and at once entered the depot which was provided, and the only place provided at East Point by the defendant, for passengers waiting for its trains. The railroad company knew, when it sold the ticket, that he intended to take its next train to Fairburn, which would pass the said depot about 11.30 o'clock that night, and knew that it had at the said depot a room where, up to that date, it had uniformly allowed its passengers of the color and gender of the plaintiff, and with the same kind of ticket that he had, to stay and wait for the arrival of the same train that he wished to take for Fairburn, this room being maintained and used by it for this purpose. When he bought the ticket and became a passenger of the defendant he was sick and not able to go out in the dark among strangers to hunt a place to stay, and was not a resident of East Point, and had no place to stay, except the said waiting-room; and the defendant knew this and knew he was buying the ticket on the belief that it would treat him as it had always treated other passengers of the same color and sex, and led him to buy the ticket, relying on such treatment. As soon as he bought the ticket he went to the said room and took his seat as other passengers had always done, and he was patiently waiting for the train and behaving himself in an orderly manner when the defendant's agent at that place, in charge of the said depot and room, drove him out into the night air, while he was suffering much pain of body and mind with sickness, and, over his protest, made him leave the defendant's premises, he at the time begging that he be allowed to stay there and wait for the train as other passengers were allowed to do. The said agent, wholly disregarding the plaintiff's right as a passenger and wilfully violating the obligation that the defendant and the agent owed him, told him he must leave the room, and that no excuse would be heard from him, and ordered him away from the depot and drove him off, and he had to seek shelter as best he could. The plaintiff was humiliated and made to suffer in body and mind by such cruel conduct, and made sick, and, from this sickness and the aggravation of the sickness which he already had, was forced to pay $25 for medical service. The said conduct on the part of the defendant was wilful and accompanied by aggravating circumstances, and the defendant is liable to him for all his injuries and for punitive damages, in the total sum of $500.

*W. A. James, J. S. James,* for plaintiff.
*Dorsey, Brewster, Howell & Heyman,* for defendant.