*Virlyn B. Moore,* contra.

---

### 15323.   MOONEYHAM v. NASHVILLE, CHATTANOOGA & ST. LOUIS RAILWAY CO. *et al.*

STEPHENS, J.   1.   A passenger on a railroad whose point of destination is on the line of a connecting carrier, and who is traveling on a through ticket calling for immediate and continuous passage to destination upon the next train of the connecting carrier leaving the junction point for the point of destination, still preserves his status as a passenger when,

after leaving the train at the junction point, he continues to wait there in the waiting-room of the depot, for the purpose of continuing his journey, in accordance with the terms of his contract of passage, upon the next train of the connecting carrier. *Riley* v. *Wrightsville &c. R. Co.*, 133 *Ga.* 413 (65 S. E. 890, 24 L. R. A. (N. S.) 379; 18 Ann. Cases, 208); 10 C. J. 630.

2. Assuming that a carrier is under no legal duty to maintain and keep open at a junction point a waiting-room for the accommodation of passengers (Civil Code of 1910, § 2727, and Rule 10 of the Georgia Public Service Commission, copied in 10 *Ga. App.* 229) who are deposited at the junction point at 8 o'clock p. m. for transfer to a train leaving there the next morning at 7 o'clock, yet where the carrier does maintain and keep open a waiting-room for the convenience of through passengers, thus impliedly inviting them to avail themselves of the accommodation of the waiting-room, a passenger who avails himself of such accommodation by accepting the invitation and occupying the waiting-room is, by virtue of his right as a passenger, entitled to remain in the waiting-room and enjoy its accommodations while waiting to make connection with the outgoing train; and if the carrier's agent in charge of the depot unjustifiably evicts him, he may maintain an action against the carrier. This ruling is not in conflict with *Smith* v. *Seaboard Air-Line Ry.*, 10 *Ga. App.* 227 (73 S. E. 523). There the plaintiff, who had come to the depot, not at a junction point, for the purpose of becoming a passenger upon one of the defendant's trains, was evicted from the defendant's waiting-room at 9 o'clock p. m., more than an hour prior to the scheduled time of arrival of the train which he intended to board, which was after 10 o'clock p. m. and before the time when the defendant was, either under Rule 10 of the Public Service Commission or under the Civil Code (1910), § 2727, required to open the waiting-room or receive any one therein as a passenger. The court held (one judge dissenting) that the plaintiff, under such circumstances, was not a passenger, and therefore was not entitled to remain in the waiting-room, and could not recover of the defendant for being evicted therefrom. To the same effect is the decision in *Huggins* v. *Atlanta & West Point R. Co.*, 11 *Ga. App.* 805 (76 S. E. 364), which is based expressly upon the authority of *Smith* v. *Seaboard Air-Line Ry.*, supra.

3. Where the waiting-room at the junction point was maintained by both carriers, and the eviction was caused by the agent of both, acting within the scope of his authority, both carriers are liable.

4. The petition in a suit by the passenger against both carriers set out a cause of action, and it was error to sustain a general demurrer filed by both defendants.

5. Any statements made to the plaintiff by the agent of the initial carrier when selling the ticket to the plaintiff at the initial point, or any statement made to the plaintiff by any of the employees upon the train of the initial carrier, to the effect that the waiting-room at the junction point would remain open all night for the accommodation of the passenger, are not binding upon the carrier as an agreement with the passenger to keep open the waiting-room for his accommodation, since it does not appear that such employees, as agents of the carrier, had any authority over or duties to perform with respect to the waiting-room.

Such allegations in the petition were properly stricken on special demurrer. *Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 11, 1925.

Action for damages; from Floyd superior court—Judge Wright. January 5, 1924.

Application for certiorari was denied by the Supreme Court.

*Porter & Mebane,* for plaintiff.

*Maddox, Matthews & Owens, Lamar Camp, L. A. Dean, Tye, Peeples & Tye,* for defendants.