30191.   DELTA AIR CORPORATION *v.* PORTER.

DECIDED SEPTEMBER 25, 1943.   REHEARING DENIED NOVEMBER 20, 1943.

*Lindley W. Camp,* for plaintiff in error.

*James A. Branch, Thomas B. Branch Jr.,* contra.

SUTTON, J.   The plaintiff sued the defendant for damages.   The petition alleged substantially as follows: that the defendant was a common carrier for hire, operating air-lines between Shreveport, Louisiana, and Atlanta, Georgia; that the plaintiff, desiring to visit a son who was in the army, called the defendant on the telephone and made a reservation to travel from Atlanta to Shreveport and return over the air-lines of the defendant; that defendant issued to plaintiff a ticket entitling him to travel to Shreveport and return to Atlanta over the air-lines of the defendant, and plaintiff traveled to Shreveport; that plaintiff's son desired to return with plaintiff, and plaintiff called defendant on the telephone and made reservations for his son and himself to travel to Atlanta, and defendant issued to plaintiff a ticket for plaintiff's son; that plaintiff and his son boarded one of the planes of defendant at Shreveport to return to Atlanta; that when the plane stopped at the Birmingham, Alabama, airport, the stewardess announced that there would be a ten-minute stop, and suggested that plaintiff and his son get off the plane and walk about; that plaintiff and his son left the plane as suggested by the stewardess, and in a few minutes, but while the plane was still at the airport, they were summoned to the office of the defendant and told that their personal effects had been removed from the plane, and that they could not proceed to Atlanta on the plane; that plaintiff refused to abandon his and his son's seats on the plane when told by defendant that their seats had not been commandeered by soldiers or government officials, and defendant told plaintiff that he and his son were being forced off of the plane; that plaintiff was not allowed to continue his journey to Atlanta on the plane, but was ejected from the plane; that plaintiff proceeded from the airport to Birmingham, Alabama, by taxicab, and from there to Atlanta by railway-train; that plaintiff

was embarrassed, humiliated, and put to great inconvenience by the conduct of the defendant; and that defendant should be required to pay exemplary damages. The petition sought to recover the sum of $3000 as actual and exemplary damages.

The defendant filed general and special demurrers to the petition, which were overruled, and the exception is to that judgment.

In the general grounds of the demurrer, the defendant contended that the action should be dismissed, because, under the allegations of the petition (1) no cause of action was set out; (2) it appeared that plaintiff was not entitled to recover of the defendant; (3) it appeared that plaintiff was not entitled to recover such damages of defendant; (4) it did not appear that plaintiff was entitled to recover such damages of defendant; (5) it did not appear that plaintiff had suffered any injury on account of any wrongful act of the defendant; (6) it appeared that plaintiff had not suffered any injury as a result of any alleged wrongful act of defendant.

In grounds 1 and 2 of the general demurrer the defendant contended that the petition failed to set out a cause of action, and that it appeared that the plaintiff was not entitled to recover of the defendant. The petition alleged that the plaintiff was a passenger upon the airplane of a common carrier; that at the suggestion of the stewardess on the plane the plaintiff and his son got off of the plane to walk about while the plane was stopped at an intermediate point; that after the plaintiff and his son had left the plane, but before it had resumed its journey, the defendant notified the plaintiff that his personal effects had been taken off of the plane, and that the plaintiff could not continue on the plane to the destination called for by his ticket; that the plaintiff refused to abandon his seat on the plane, and the defendant told the plaintiff that he was being forced off the plane, and the plaintiff was not allowed to continue on the plane to his destination, but was wrongfully ejected from the plane; that the plaintiff proceeded to his destination by taxicab and railway-train and was caused to suffer embarrassment, humiliation, and great inconvenience. Actual and exemplary damages were sought. It was contended by the plaintiff that he was a passenger upon the plane of a common carrier, and that in violation of a public duty the defendant, in effect, ejected him from the plane, while the defendant contended that under the allegations of the petition the plaintiff was not ejected from the plane, and

that the defendant simply failed to carry out its contract to carry the plaintiff to his destination.

The plaintiff held a through ticket calling for immediate and continuous passage from Shreveport, Louisiana, to Atlanta, Georgia, and the stop at Birmingham, Alabama, was an intermediate point. The plaintiff did not leave the premises of the defendant, but remained at the airport until called by the defendant to its office. A passenger of a common carrier, who is traveling on a through ticket calling for immediate and continuous passage to his destination, retains his status as a passenger, when, after leaving the carriage temporarily at an intermediate point at the suggestion of an employee of the carrier, he continues to wait on the premises of the carrier for the purpose of continuing his journey in accordance with the terms of his contract of passage. See Riley v. Wrightsville &c. R. Co., 133 Ga. 413 (65 S. E. 890, 24 L. R. A. (N. S.) 379, 18 Ann. Cas. 208); Mooneyham v. Nashville, Chattanooga & St. Louis Railway Co., 33 Ga. App. 406 (126 S. E. 736). The plaintiff was a passenger of the defendant at the time his personal effects were removed from the plane without his knowledge or consent, and at the time he was called to the office of the defendant and told that he could not continue his journey on the plane and that he was being forced off of the plane. He did not abandon his seat on the plane willingly, but merely obeyed the orders of the defendant. "A passenger, whether right or wrong in any contention or misunderstanding with a conductor, is under no duty, legal or moral, to stand out until the conductor appeals to force for the execution of his commands. If the passenger obeys and thereby does an act to which his own will does not consent, he is coerced. Georgia Railroad v. Homer, 73 Ga. 251. So far from being under a duty to resist, he would generally put himself in the wrong by offering resistence. For the sake of peace and good order he ought to submit." Georgia Railroad Co. v. Eskew, 86 Ga. 641, 644 (12 S. E. 1061, 22 Am. St. R. 490). The petition alleged that the defendant informed the plaintiff that he could not continue on the plane and that he was being forced off of the plane. This amounted to an ejection of the plaintiff from the plane, and was a violation of the public duty of the carrier to safely transport the plaintiff to his destination in accordance with his contract of passage which called for a continuous and immediate passage to

his destination. In order to constitute ejection or expulsion it was not essential that actual force be used to prevent him from getting back on the plane or to prevent him from continuing his journey therein. *Southeastern Greyhound Lines* v. *Suits, 55 Ga. App.* 371 (190 S. E. 417). The judge did not err in overruling grounds 1 and 2 of the demurrer.

In grounds 3 and 4 the defendant contended that under the allegations of the petition the plaintiff was not entitled to recover "such damages" of the defendant. The petition sought actual and exemplary damages. This was an action against a common carrier for a violation of a public duty, the gist of the action being the ejection of the plaintiff from the plane, and the refusal of the defendant to allow the plaintiff to continue on his journey on the plane in accordance with his contract of passage and the duty of the carrier to safely transport him to his destination. In such a case punitive as well as actual damages are recoverable where there are aggravating circumstances in the act or in the intention. See *Ga. So. & Fla. Ry. Co.* v. *Pearson,* 120 *Ga.* 284 (47 S. E. 904); *Southeastern Greyhound Lines* v. *Suits,* supra, and cit. That the plaintiff did not offer resistance and no force was required or used by the defendant does not prevent the acts complained of from being aggravating within the meaning of the Code, § 105-2002. It was said in *Georgia Railroad* v. *Homer,* supra: "The conductor took the passenger by the arm and led him to the platform, and he got off. All was done kindly, but by the commanding authority of the conductor. The passenger lost nothing by not resisting and requiring force to eject him. On the contrary he was right to yield to authority and throw himself for remuneration upon the law. Of course, rude and violent conduct would be a circumstance to demand increase of damages against the company, but more than actual damage is recoverable for the act of putting off, by the mere force of authority, a passenger who had a ticket and was entitled to ride to Lithonia, before he got there. The inconvenience, the insult in the presence of fellow passengers, and the wounded feelings of the passenger may be considered and weighed." It was not necessary for the defendant to use even the slightest force to eject the plaintiff for the act to be a tortious one. "Although the conductor neither used physical force to expel the plaintiff from the train nor was immediately present when the plaintiff left the

train at Conyers, yet it was in fact an expulsion if the plaintiff alighted against his own will and as an act of obedience to the conductor's previous command. And to expel him from the train when he was not a trespasser nor otherwise at fault, was to commit upon him a tortious injury." *Georgia Railroad Co.* v. *Eskew,* supra. The judge did not err in overruling grounds 3 and 4 of the demurrer.

In grounds 5 and 6 the defendant contended that it did not appear that the plaintiff suffered any injury as a result of the allegedly wrongful acts of the defendant. The petition alleged a violation of a public duty by the defendant to carry the plaintiff to his destination in accordance with his contract of passage, and set out that the acts of the defendant were without justification and wrongful, and that the plaintiff was caused to suffer embarrassment, humiliation, and great inconvenience. The acts complained of were the ejection of the plaintiff from the plane and the refusal to allow him to continue thereon to his destination, over his objections and his demands to be allowed to continue to his destination in accordance with his contract of passage, and the public duty owed by the defendant to safely transport him to his destination. A common carrier is liable in damages for an injury to the feelings and sensibilities of a passenger, caused by his wrongful expulsion from one of its cars, though the passenger may not have received any physical injury thereby. *Mabry* v. *City Electric Railway Co.,* 116 *Ga.* 624 (42 S. E. 1025, 59 L. R. A. 590, 94 Am. St. R. 141). "The inconvenience, insult in the presence of fellow passengers and wounded feelings of the person ejected could be considered by the jury." *Georgia Railroad* v. *Homer,* supra. Under the allegations of the petition, the judge did not err in overruling grounds 5 and 6 of the demurrer.

The defendant demurred specially to the petition, on the ground that there was a non-joinder of parties plaintiff in that the plaintiff's son was a necessary party to the cause of action. The action was in tort for the alleged wrongful ejection of the plaintiff from the plane of the defendant, and the wrongful refusal by the defendant to allow the plaintiff to continue on the plane to his destination. The fact that the son of the plaintiff was also wrongfully ejected at the same time, or was wrongfully refused by the defendant to be allowed to continue to his destination, and that his son

might have a similar cause of action, is not ground for requiring the son to be made a party to the plaintiff's cause of action. The plaintiff's son could not properly have been joined as a plaintiff in the present action. Code, § 3-110. The judge did not err in overruling this ground of demurrer.

The defendant demurred specially to paragraph 5 of the petition, which alleged that, "Petitioner has a son, D. C. Porter, who in July, 1942, was a non-commissioned officer in the United States Army and was stationed at Alexandria, Louisiana," and demurred specially to that portion of paragraph 6 which alleged, "desiring to visit his said son at the place he was stationed in the army," on the ground that said paragraph and allegations were immaterial and irrelevant. The judge did not err in overruling this ground. In order to give the court an understanding of the facts forming the subject of the controversy, it is proper that explanatory averments be made of matters connected with the subject of the action that otherwise would be left vague and uncertain, even though those facts may not be material to the controversy. 41 Am. Jur. 346; *Southern Railway Co.* v. *Wallis*, 133 *Ga.* 553, 555 (66 S. E. 370, 30 L. R. A. (N. S.) 401, 18 Ann. Cas. 67).

The defendant demurred specially to paragraph 17 of the petition which alleged: "At the proper time petitioner and his said son boarded defendant's plane and proceeded along their journey. When the plane in which petitioner and his son were riding arrived at the airport in Birmingham, Alabama, the stewardess on said plane announced there would be a ten-minutes stop, and suggested that petitioner and his son get off the plane and walk about," on the. ground that it did not appear therefrom what time the plane arrived at the airport; and it was contended that such information was necessary to enable the defendant to identify the particular plane and to ascertain the facts and make proper answer and defense. The petition alleged that the plaintiff and his son were on the plane scheduled to leave Shreveport, Louisiana, for Atlanta, Georgia, at 8:56 a. m., July 15, on which plane they had previously made reservations as shown by a telegram from the defendant to the plaintiff, which was set out in the. petition. "Reasonable definiteness and certainty in pleading is all that is required; and factitious demands by special demurrer should not be encouraged." *Busby* v. *Marshall*, 3 *Ga. App.* 764 (60 S. E. 376). The particular

plane on which the plaintiff and his son were riding was sufficiently identified by the petition, and the court did not err in overruling this ground of demurrer.

The defendant demurred specially to paragraph 20 of the petition which alleged that, "Petitioner was not allowed to continue his journey on said plane, but was, as aforesaid, wrongfully ejected from said plane," on the ground that it did not appear from said paragraph or from the petition as a whole that the plaintiff was wrongfully ejected from the plane, but that it appeared that the plaintiff was not allowed to reboard the plane, and that the words "wrongfully ejected" stated a conclusion which was refuted by the facts ̀alleged, and that the same were improper, irrelevant, and highly prejudicial to the defendant. The petition alleged that the plaintiff was a passenger on the plane; that he left the plane at the suggestion of the stewardess at an intermediate point; that before the plane left, the defendant called him to its office and notified him that his personal effects had been removed from the plane and that he could not continue to travel thereon and that he was being forced off of the plane; and that he was not allowed to continue his journey on the plane. This, as above ruled, amounted to an ejection of the plaintiff from the plane by the defendant. *Riley* v. *Wrightsville &c. R. Co.*, supra; *Mooneyham* v. *Nashville, Chattanooga & St. Louis Railway Co.*, 33 *Ga. App.* 406 (126 S. E. 736); *Georgia Railroad Co.* v. *Eskew*, supra. Whether the ejection was wrongful was a question to be determined on the trial. The court did not err in overruling this ground of demurrer.

The defendant demurred specially to paragraph 22 of the petition, which alleged that "defendant's conduct in putting petitioner and his son off of said plane was without justification and was wrongful and caused petitioner to suffer embarrassment, humiliation, and great inconvenience," on the ground that it was contradictory to the allegations of the petition, and that the allegation, "defendant's conduct in putting petitioner and his son off of said plane," was a conclusion of the pleader, without any facts alleged to show how petitioner and his son were put off of the plane. The petition set out that petitioner and his son were induced to leave the plane temporarily by the suggestion of the stewardess on the plane, and that after leaving the plane they were not allowed to reboard it to continue their journey, but were told by the defend-

ant that they were being forced off of the plane. This sufficiently stated the manner in which the petitioner and his son were put off of the plane. The defendant demurred specially to the clause in this paragraph, "and caused petitioner to suffer embarrassment, humiliation, and great inconvenience," on the ground that same was a conclusion of the pleader, in that it did not appear how or in what manner the plaintiff was caused to suffer embarrassment, humiliation, and great inconvenience, and contended that the plaintiff's embarrassment and great inconvenience were not proper basis for the assessment of damages against the defendant. The embarrassment, humiliation, and inconvenience of the plaintiff were proper elements of damages in a case brought for wrongful ejection from a common carrier. *Georgia Railroad* v. *Homer; Mabry* v. *City Electric Railway Co.*, supra. The court did not err in overruling these grounds of demurrer.

The defendant demurred specially to paragraph 23 of the petition, viz.: "Petitioner alleges that defendant should be required to pay exemplary damages so as to deter defendant from repeating its highhanded, unjustified, and wrongful conduct, or so as to pay petitioner for the inconvenience, indignity, and wounded feelings suffered by him," as irrelevant and not showing damages recoverable of the defendant. The court did not err in overruling this ground of demurrer. See *Mabry* v. *City Electric Railway Co.*, supra; *Southeastern Greyhound Lines* v. *Suits*, 55 *Ga. App.* 371 (190 S. E. 417).

*Judgment affirmed. Stephens, P. J., and Felton, J., concur.*