36129. C. A. TRUSSELL MOTOR CO. *v.* HAYGOOD.

Decided April 30, 1956—Rehearing denied June 6, 1956.

*Erwin, Nix, Birchmore & Epting, Howell C. Erwin, Jr.,* for plaintiff in error.

*Rupert A. Brown,* contra.

FELTON, C. J. The plaintiff in error contends that the petition does not state a cause of action because, (1) it does not show that the defendant knew or should have known of the condition which allegedly caused the injury; and (2) it does not show why

the plaintiff could not have discovered that condition and avoided the consequence resulting therefrom.

As to contention (1) above, the petition alleges: "The floor at the drain is approximately 1 inch lower than it is at the sides and end, and because of which is made an area dangerous to persons who go there for the transaction of business when the floor is wet from water or escaping oil from automobiles and motor vehicles undergoing repairs therein, all of which was well known to the defendant herein, its employees and agents at said place. . . The defendant having constructed said building and occupied the same for a number of years as a place of business, it, said defendant, its employees, servants and agents knew that the floor of its repair shop was constructed as hereinbefore alleged and that it was finished smoothly, and so smooth as to be dangerous when wet because of water or escaping oil thereon; it, said defendant, and said employees, servants and agents knew that in repairing motor vehicles oil would escape to the floor of said shop and that the floor would become slick and slippery because thereof, and even more so when water got into it; it and they knew that motor vehicles entered said shop for repairs and entered same when dripping with water from a shower of rain which had fallen and that the floor in places would become wet therefrom; it and they knew that the wet places on the floor, caused either by water or oil, or both, were not always obvious and detectable because of poor visibility as hereinbefore set out; and petitioner being lawfully thereat, as a customer and invitee, the defendant knew or by the exercise of ordinary care could have known that the place where petitioner slipped and fell was wet with water and oil, was a hazard and dangerous, and it, said defendant, should have warned him of such and it was negligence not to have done so." These allegations are sufficient as against a general demurrer to show that the defendant knew that the floor was dangerously slippery when wet, and that it knew the floor would become wet when raining and cars drove into the shop from the outside. Therefore, it is alleged that the defendant knew or should have known by the exercise of ordinary care that the floor of the shop was dangerously slippery when the plaintiff fell.

As to contention (2), the petition does not show that the plaintiff was so negligent that he was barred from recovery as a matter

of law. Cases are cited by the plaintiff in error which involve slippery floors, but in those cases where recovery was denied the court found that it did not appear why the plaintiff could not have ascertained the condition of the floor, it not being alleged that there was defective or insufficient lighting or that the plaintiff's vision was impaired. Those cases are not applicable here. The plaintiff here alleges one of the elements said to be missing in those cases. He alleges that outside light was prevented from illuminating the floor because of the obstruction by a bank and a building just outside the shop windows, and that the lighting system in the building was such as to cast shadows on the floor, and that the floor was not uniformly lighted. The presence of shadows and defective or insufficient lighting can render undetectable an otherwise apparent defect or dangerous condition. See *Atlanta Enterprises* v. *Douglass*, 93 *Ga. App.* 237 (91 S. E. 2d 296) ; *Tybee Amusement Co.* v. *Odum*, 51 *Ga. App.* 1 (179 S. E. 415) ; *Hanson* v. *Atlanta Lodge No. 78 B. P. O. Elks*, 88 *Ga. App.* 116 (76 S. E. 2d 77).

The petition states a cause of action as against the general demurrer, and the court did not err in overruling that demurrer.

*Judgment affirmed. Quillian and Nichols, JJ., concur.*