38866.   ETHERIDGE MOTORS, INC. v. HAYNIE.

Decided May 12, 1961.

*Merritt & Pruitt, Glyndon C. Pruitt,* for plaintiff in error.

*Lokey & Bowden, Hamilton Lokey, Joseph E. Cheeley, Glenn Frick,* contra.

TOWNSEND, Presiding Judge. ■ Paragraphs 5 through 13 of the petition describe the building with particularity for the purpose of showing that, as to customers entering on the main floor from the Moreno Street entrance, the route to the paint shop in the basement was that followed by the plaintiff, and they constitute matter of inducement insofar as the injury itself is concerned. Facts so pleaded are merely introductory to the substance of the complaint and may be pleaded with less certainty and particularity than those facts upon which the plaintiff directly relies for recovery, but if they are explanatory in nature they are not immaterial to the cause of action. *Delta Air Corp. v. Porter,* 70 Ga. App. 152 (27 S. E. 2d 758); *Hobbs v. Holliman,* 74 Ga. App. 735 (41 S. E. 2d 332); *American Thread Co. v. Rochester,* 82 Ga. App. 873 (62 S. E. 2d 602). Special demurrers 5 through 13 attacking these allegations are without merit.

■ (a) Unless the petition affirmatively shows otherwise that the person charged with having actual knowledge of a certain condition does not in fact possess such knowledge, an allegation that a party knew or had notice of a certain state of facts is not demurrable as a conclusion. *Warner Bros. Pictures v. Stanley,* 56 Ga. App. 85 (6) (192 S. E. 300). Special demurrers 13, 14, 25, 27, 34 and 40, attacking paragraphs of the petition

which allege certain facts to be within the knowledge of the defendant, were properly overruled.

(b) "In an action for negligence, the statement that the plaintiff was without fault is not a conclusion, but a statement of fact." *Charleston &c. Ry. Co. v. Lyons,* 5 Ga. App. 668 (2) (63 S. E. 862). Special demurrer 37 to the allegation that the plaintiff was in the exercise of ordinary care for his own safety was likewise without merit.

■ Special demurrers 19, 22, 24, 28, 31, 33, 38, 39 and 42, as well as the general demurrer, contend that the petition as a whole and various paragraphs thereof show the plaintiff to have been a licensee rather than an invitee on the premises because of the fact that he transacted no business with the defendant. "The determining question as to whether a visitor is an invitee by implication or a licensee is whether or not the owner or occupant of the premises will receive some benefit, real or supposed, or has some interest in the purpose of the visit." *Anderson v. Cooper,* 214 Ga. 164, 169 (104 S. E. 2d 90). The plaintiff, who went on the defendant's premises with a customer of the defendant for the purpose of inspecting a paint job performed by the defendant on a car belonging to the customer and in the defendant's possession occupied the status of an invitee, and this is particularly true where it is alleged that the plaintiff as well as the customer whom he accompanied were specifically invited to descend the stairway to the basement for that purpose. As such, the duty owed to him was to exercise ordinary care to avoid injuring him by reason of the defective condition of the premises. The petition is not subject to demurrer on the theory that the plaintiff was a mere licensee.

■ The legitimate function of a special demurrer is to compel the pleader to disclose whether he really has a cause of action or defense. *Alford v. Zeigler,* 65 Ga. App. 294 (16 S. E. 2d 69). Reasonable definiteness is all that is required, and factitious demands by special demurrer are not encouraged. *Stovall v. Rumble,* 71 Ga. App. 30 (29 S. E. 2d 804). The remaining 14 grounds of special demurrer fall within this category. For example, the allegation that "the light coming into said lower level room . . . cast shadows of objects in said room,

such as the stairs and the posts placed to support the upper floor, so that there was not a uniform light on the floor in said room" was demurred to "in that it is not alleged . . . what shadows were cast." The allegation that the plaintiff slipped and fell "after leaving the stairway and taking one or two steps" is demurred to on the ground that "plaintiff should be required to state how many steps were taken," and so on. Such demands for minute details serve no useful purpose and should be discouraged. Further, as to those matters peculiarly within the knowledge of the defendant, such as the question in this case as to whether the mud and water on the floor came from the earth wall, from washing the automobiles, or from rain, the plaintiff is unable to supply exact details and is accordingly not required to allege that which is not within his knowledge in other than general terms. *Davis v. Homer Lumber Co.*, 211 Ga. 144 (2) (84 S. E. 2d 59). The remaining special demurrers were properly overruled.

■ The allegations of this petition with reference to the dim and uneven lighting and resulting poor visibility; the sloping, dangerous and deceptive condition of the floor, and the plaintiff's lack of knowledge and lack of ability under the circumstances to discover that it was slick, slippery, and covered with a film of mud, are sufficient to set out a cause of action as against the contention that the plaintiff's injuries were occasioned by his own failure to exercise ordinary care for his own safety or the contention that he had means equal to that of the defendant to discover the danger. See *C. A. Trussell Motor Co. v. Haygood*, 94 Ga. App. 40 (93 S. E. 2d 411) and citations; *Pilgreen v. Hanson*, 89 Ga. App. 703 (81 S. E. 2d 18). In so far as negligence is alleged in the maintenance of the basement floor at a point only a step or two from the stair landing, on the opposite side of the area from the doorway, this case differs from *Watson v. McCrory Stores*, 97 Ga. App. 516 (103 S. E. 2d 648) where the plaintiff slipped on a substance dropped on the stairway by another customer and it was not alleged either that the defendant had knowledge of the condition or that it had been there for such a length of time as to impute knowledge. It differs from *Hill v. Davison-Paxon Co.*, 80 Ga. App. 840 (57

S. E. 2d 680), where the substance in question was a normal amount of rainwater which had collected around an outside exit on a rainy day, a fact obvious to persons entering the store. Further, the petition alleges that the defendant *knowingly* allowed the slick and muddy condition of the floor without warning the plaintiff of its presence, and the circumstances alleged are such as to raise the necessary implication that the condition described was a part of the manner in which the area was being maintained in connection with the business of the defendant of repairing automobiles. See *Colonial Stores v. Scholz,* 73 Ga. App. 268 (36 S. E. 2d 189).

The trial court did not err in overruling the general and special demurrers to the petition.

*Judgment affirmed. Frankum and Jordan, JJ., concur.*