## BROWN STORE COMPANY *v.* CHATTAHOOCHEE LUMBER COMPANY, and *vice versa.*

1. The petition set forth a cause of action, and the court did not err in overruling the demurrers.

2. Where a suit was brought for damages for the burning of plaintiff's houses and goods, alleged to have resulted from fire communicated from a slab-pit .of the defendant, so built and operated as to be a nuisance and a menace to the neighborhood, the petition also alleging negligence in conducting such slab-pit, there was no error in striking a plea which set up that plaintiff held his property under a conveyance from the defendant's predecessor in title, prior to which conveyance a similar slab-pit at nearly the same place had been conducted by defendant's predecessor in title, that by so purchasing the land plaintiff had assumed the risk, and that subsequently the old slab-pit was destroyed by fire, the premises afterward purchased by defendant, and the present slab-pit built.

3. In a suit for damages for the destruction of houses and of the goods therein, it was not error to refuse to grant a nonsuit upon the ground that the title to the realty appeared not to be in the plaintiff. Plaintiff was entitled to recover for the destruction of his goods and for the damage to his possession, even though he may have had no interest in any injury to the freehold.

4. In the trial of a civil case it is error to charge the jury that it is incumbent upon the plaintiff to make out his case to a moral and reasonable certainty.

5. Damages which are the natural, reasonable, and proximate result of a wrongful act are not too remote to be recovered. It is therefore error to charge that the plaintiff must show that his damage was the usual, direct, and necessary consequence of the wrongful act.

6. In a case in which the defendant is bound to use ordinary and reasonable care and diligence, it is error, since the adoption of the code, to charge that the plaintiff can not recover unless it appear that the defendant was grossly negligent. *Macon & Western R. Co.* v. *McConnell,* 31 *Ga.* 133, explained.

Argued December 15, 1904. — Decided January 28, 1905.

Action for damages. Before Judge Bower. City court of Bainbridge. June 30, 1904.

The petition of the Brown Store Company alleged the following: On June 25, 1902, it owned two (described) houses and lots in Donalsonville, in which it had a stock of merchandise, a dining-hall, and a barber-shop. The defendant, the Chattahoochee Lumber Company, owned and operated a sawmill in that

town, and in connection therewith had a slab-pit wherein it maintained a fire in which was burned a large quantity of slabs and other refuse matter from the sawmill, dumped into the pit through an elevator.   The fire in the pit constantly threw off large quantities of sparks, cinders, and firebrands, making the fire dangerous to surrounding property and constantly liable to set on fire the wooden buildings near by; and said pit so maintained was a nuisance.   It was located about 122 yards from the Hodges hotel building, a wooden house, which, on the date before stated, was burned by fire communicated to it from the slab-pit.   From the hotel building the fire spread from one building to another until the plaintiff's property was reached and consumed by it.   The values of the property and the amount of damages suffered by the plaintiff are alleged.   This damage was the result of the defendant's negligence in maintaining the pit and the fire, and this negligence was the direct and proximate cause of the damage, and the damage was a direct result of the nuisance created by the pit and fire.   The defendant was negligent: in maintaining the fire in the center of a populous town and adjacent to a large number of combustible buildings; in so doing after it knew, or by the exercise of reasonable diligence could have discovered, that the pit had previously set out fires at the same or greater distances; in not having the pit walled in or otherwise so constructed as to prevent burning material from flying at large therefrom; in not having a watchman to guard against the danger of fire being communicated to adjacent property; and in throwing heavy material from a considerable height into the pit, thus stirring up the embers, cinders, and sparks and causing them to fly at large.

The defendant demurred on the grounds, that the petition set up no cause of action; that no specific acts of negligence were alleged, for which the defendant would be liable to the plaintiff; that it does not appear that the defendant owed the plaintiff any duty, or invaded any right relative to its property, or that the slab-pit had been erected since the construction of the buildings alleged to have been burned; that the alleged acts of negligence were not the proximate cause of the alleged injury; that the allegations do not show that the slab-pit was operated in an unusual manner and without regard to the plaintiff's property,

and that they are not sufficient to show that it was a nuisance. The demurrer was overruled. The defendant filed a plea amounting to a denial of the allegations of its negligence, of the pit being a nuisance, and of the burning of the buildings being caused by fire therefrom. It also pleaded: (1) That the plaintiff had no title to the property alleged to have been destroyed. (2) That the Donalson Lumber Company owned the land on which the town is situated, including sawmill, slab-pit, and the ground on which were located the plaintiff's stores; it first built the mill and slab-pit, then the hotel, and afterward sold the lots on which the houses were erected that made up the town; and the owners of the stores alleged to have been burned erected them with full knowledge of any danger or risk there may have been in the operation of the sawmill and slab-pit, and assumed said risk and consented to it by not objecting or protesting against it. (3) Said company lost the sawmill and slab-pit by fire, and afterward sold its interests to the defendant, which immediately rebuilt the mill and pit a little further than the old location from the hotel and the buildings claimed by the plaintiff. The slab-pit was that usual and common to sawmills; said mill had every modern device for protection against fire, used by sawmills in this section of the country, and was much more safely secured from fire than the old sawmill of the Donalson Lumber Company. (4) The defendant was never notified by the plaintiff, or by any one else, to abate the sawmill or slab-pit. The plaintiff did not object to their erection, but consented thereto, assuming all risks from their building and operation, never protesting or complaining of any act that was dangerous to its property. — The court struck the second and third of the foregoing paragraphs of the plea, and allowed the first and fourth to stand. The defendant excepted to this ruling, to the overruling of its demurrer, and to the refusal of a nonsuit. The verdict was in' the defendant's favor, and the plaintiff excepted to the overruling of its motion for a new trial. The material grounds of this motion are covered by the 4th, 5th, and 6th headnotes, and need not be set out here.

*A. G. Powell,* for plaintiff, cited, on right to recover: Civil Code, § 3876; *Ga. R.* 7/296; 98/703; 121/386. Nuisance: 16 Am. & Eng. Enc. L. (1st ed.) 956; 21 Ib. (2d ed.) 691; *Ga. R.* 62/43; 73/366; 84/169; 86/95; Civil Code, § 3861. Damages:

*Ga. R.* 90/12; 98/372; 93/256.   Negligence: 13 Am. & Eng.
Enc. L. (2d ed.) 410; Stat. 6 Anne, c. 31, § 67, and 14 Geo. III.
c. 78, § 76; *Ga. R.* 74/534; 112/471.

*Donalson & Donalson* and *R. W. Fleming,* for defendant, cited,
on right to recover: Civil Code, §§ 2771, 3071, 3875, 3886–7;
*Ga. R.* 9/160; 88/478; 109/653; 110/706; 111/857. Nui-
sance: Civil Code, § 3862; *Ga. R.* 50/133; 73/366; 106/453;
4 Wait's Ac. & Def. 727.   Damages, proximate cause, etc.: Civil
Code, § 3911; 8 Am. & Eng. Enc. L. (2d ed.) 568; 35 Ill. App. 570;
27 Ib. 200; 44 N. J. L. 248; 67 Mo. 715; 18 Wash. L. Rep.
84; 55 Hun, 19; 27 S. C. 71; 32 Mo. App. 667; Hopk. Pers.
Inj. 14; Ray, Neg. 655.   Negligence: 1 Add. Torts, § 544; 16
Ind. 312; 53 Mich. 607, 613; 18 Barn. 80; 22 Barb. 575; 37
Mo. 287; 31 Ind. 143; 122 N. Y. 118; Hopk. Pers. Inj. 10;
*Ga. R.* 9/428; 31/133; 71/125; 95/111; 111/816; 113/597,
1007; Civil Code, §§ 3823, 5150, 5472.

SIMMONS, C. J.   The first three headnotes require no elaboration.
As to the fourth, see the case of *Supreme Conclave Knights of
Damon* v. *Wood,* 120 *Ga.* 328.   As to the fifth, see Civil Code,
§ 3913, and *Cheeves* v. *Danielly,* 80 *Ga.* 115.   As to the degree
of diligence due by the defendant to the plaintiff the court in
effect charged that, if the slab-pit was not a nuisance, then plain-
tiff could not recover unless it appeared that the defendant had
been grossly negligent in its operation.   It is clear that the defend-
ant was bound, in such case, to exercise ordinary and reasonable
care and diligence.   1 Thomp. Neg. §§ 727–730: 13 A. & E. Enc.
Law (2d ed.), 414.   Failure on the part of the defendant to use
this degree of care would be such negligence as to make it liable
for damages thereby done to the plaintiff.   Under our Civil Code,
(§ 2898) the absence of ordinary diligence is termed ordinary neg-
lect, while (§ 2900) gross neglect is defined as "the want of that
care which every man of common sense, how inattentive soever
he may be, takes of his own property."   The court's charge was
evidently based upon what was said in the opinion in *Macon &
Western R. Co.* v. *McConnell,* 31 *Ga.* 133.   An examination of
the questions made in that case and of the charge there under
review convinces us that the term "gross negligence" was used
by Judge Lyon to mean simply a want of ordinary care.   The
court approved the charge of Judge Bull, in which appeared the

following: "They are not responsible for accidents happening from the exercise of these rights, unless these accidents result from the gross negligence or carelessness of the employees or agents of the road; and the plaintiff must prove that the injury complained of did result from such culpable neglect or carelessness. The amount of diligence required is just so much as an ordinarily prudent man would use in his own affairs." This part of the charge was not excepted to, but it is evident that in it "gross negligence" was used to denote merely a want of ordinary care. This is especially clear when we compare the opinion in *Macon & Western R. Co.* v. *Davis*, 13 *Ga.* 68, in which Judge Nisbet used the term in the same way, saying: "They are bound to reasonable care and diligence, and will be liable for gross neglect. In cases arising under this rule, the question is left to the jury, whether with reference to the caution which a man of ordinary prudence would observe, the defendant has been guilty of gross negligence." There is some authority outside of this State for so using the term, and the cases just discussed were both decided before our code went into effect. Since the adoption of the code, the terms " ordinary neglect" and " gross neglect " have in this State a definite meaning, and in a case in which the defendant is bound to use ordinary diligence it is error, as against the plaintiff, for the court to charge that the defendant is liable for gross negligence only. *So. Mut. Ins. Co.* v. *Hudson*, 113 *Ga.* 434.

*Judgment on main bill of exceptions reversed; on cross-bill affirmed. All the Justices concur.*