1. A "guest" in an automobile, within the contemplation of the law that towards him the host owes only the duty of exercising slight care, is one who takes a ride in the automobile merely for his own pleasure or on his own business and without making any return or conferring any benefit upon the host other than the pleasure of his company. 18 Words Phrases, 839.
2. The status of one in or upon any part of an automobile for the purpose of conferring some benefit upon the owner and driver thereof at his request is that of an invitee, towards whom the owner and driver owes the duty of exercising ordinary care.
3. The petition alleged in substance that in response to a request from the defendant, he stood upon the rear bumper of his automobile, which was stalled, to cause it to be depressed and properly adjusted to the front bumper of another car and permit his automobile to be shoved off while the plaintiff was so engaged, and that the defendant's car was so shoved off, but that instead of stopping his car to enable the plaintiff to dismount in safety the defendant so increased the speed of his car that the plaintiff, unable in the circumstances to protect himself, was violently thrown from the bumper and onto the roadside and sustained described injury. Held, Under the facts alleged the defendant was under a duty to exercise ordinary care towards the plaintiff who, at his request, was engaged in rendering him a service in riding upon the bumper of his automobile in the circumstances named, and a jury question was presented whether or not the defendant failed to exercise the requisite care towards the plaintiff. The petition set forth a cause of action, and the court did not err in overruling the defendant's general demurrer.
Judgment affirmed. Stephens, P. J., and Felton, J.,concur.
 DECIDED MARCH 16, 1943.
 STATEMENT OF FACTS BY SUTTON, J.
J. T. Scarbrough brought suit against F. M. Holtsinger and alleged in his petition as follows: On Sunday, March 15, 1942, the plaintiff was riding in a car with Alexander Rowan along Flat Shoals Road, going east from Atlanta, while there was a heavy downpour of rain. Just after they crossed Sugar Creek they saw the defendant sitting alone in his stopped car. The defendant motioned his hand to the plaintiff and his companion, signaling *Page 118 
that he needed help. The plaintiff and his companion, the said Alexander Rowan, who was driving their car, pulled it alongside the defendant's car. The defendant asked the plaintiff, who was sitting on the side of their car next to the defendant, to help him move off, saying that the rain had drowned out his motor. The plaintiff and Rowan backed their car and placed their bumper against the defendant's car but found that the latter's bumper was higher than theirs and they could not shove against his car without doing damage to it. The defendant asked the plaintiff to stand on his bumper and weight it down so that the bumpers would be even. Notwithstanding the torrents of rain, the plaintiff was willing to help the defendant in this emergency, and got out of their car and stepped on the bumper of the defendant's car and pressed it down. The defendant got out of his car to see that the bumpers met properly with this weight of the plaintiff thereon. The defendant got back in his car while the said Rowan pushed off the defendant's car. The fact that the plaintiff was on his bumper at his instance and request, and he kept looking back at the plaintiff through the back glass of his car. When Rowan gave the shove that started the defendant's car, he did not stop, but on the other hand increased his speed, and his car shot off and kept going. The plaintiff, unable to protect himself, was thrown violently off the said bumper and onto the muddy roadside in the downpour of rain. The defendant never stopped his car, but kept going until he reached his office on Flat Shoals Avenue. The plaintiff and his companion followed him, but could not overtake him until he had reached his office. Then the defendant was very apologetic about running away and not stopping. Upon being shown the condition of the plaintiff, his clothes and watch, the defendant suggested that the plaintiff go to a reweaving place (suggesting Mrs. Maynard) and have his pants repaired, that he have his suit cleaned and his hat cleaned and reblocked. The plaintiff then emptied the broken crystal of his watch from his pocket before the defendant, who suggested further that the plaintiff have all the damage repaired and he would pay the bill, but he afterwards refused to pay for any of the plaintiff's damages or injuries. The petition alleged that certain described injuries were sustained and expenses incurred by reason of the negligence of the defendant, as follows: *Page 119 
(a) in driving away and not stopping his car; (b) in not warning the plaintiff that he did not intend to stop; (c) in throwing the plaintiff violently off of his bumper; (d) in not giving the plaintiff a chance to protect himself; (e) in throwing the plaintiff into the rain and on the muddy roadside; (f) in not showing courtesy to the plaintiff who was helping the defendant in an emergency; (g) in showing no consideration for the plaintiff's safety; (h) in showing no appreciation for the plaintiff's services; (i) in inflicting physical injuries on the plaintiff; (j) in damaging the plaintiff's clothes and watch. The petition further alleged that besides the special damages the plaintiff has endured great pain and suffering from the injuries caused by the defendant's negligence, and judgment was prayed for in the sum of $1000.
The defendant demurred on the following grounds: (1) The petition fails to set forth any cause of action against the defendant. (2) The petition fails to set out any facts showing liability on the part of the defendant for any injuries or claims for damages alleged to have been sustained by the plaintiff, in that the allegations of the petition demonstrate conclusively that the plaintiff, by his own acts, involuntarily (voluntarily?) placed himself in a perilous position and where the danger was obvious and imminent, and the plaintiff is not entitled to any recovery as sought in the petition, as there was a total lack of diligence on his part, and any injuries or damages sustained were due to the plaintiff's admitted negligence in assuming the risk and occupying the position between the automobiles as stated in the petition. (3) The petition is fatally defective and fails to set forth any cause of action against the defendant, for the injuries and damages sustained were unavoidable on the part of the defendant and were the result of the plaintiff's negligence and were the proximate cause of the alleged injury and damage. (4) The plaintiff, having knowingly, willingly, and deliberately imposed himself in the position causing the damages alleged to have been sustained, assumed the risk and consequences, and should not recover. The court overruled the demurrer, and the exception is to that judgment.