## 31042. COLONIAL STORES INCORPORATED v. SCHOLZ.

Decided December 5, 1945.

270

*Leonard Farkas, Walter H. Burt,* for plaintiff in error.
*Bennet, Peacock & Perry,* contra.

BROYLES, C. J. (After stating the foregoing facts.) Was the petition subject to the general demurrer? The petition did not allege how long the cardboard and the other foreign substances had been on the floor, nor that they had been there for a sufficient length of time to constitute constructive notice to the defendant of their presence there. Therefore the petition failed to charge that the defendant had constructive notice of the defects on the floor. That being true, did the petition allege that the defendant had actual knowledge of such defects? It did not do so directly, but it did allege that the entire floor of the storeroom was dirty and had flour, meal, and other substances scattered thereon, and that said substances were covered over with various pieces of cardboard, which made walking thereon dangerous, and that the defendant was negligent in inviting the plaintiff to use said room, without warning him of the condition of the floor, and was negligent in "allowing" flour, meal, and other substances to be thrown or left on the floor.

Counsel for the defendant contends that the word "allow" does not impute knowledge on the part of the defendant, and cites Webster's Dictionary and several foreign decisions which hold that the word "permit" denotes a more positive assent than the word "allow," which denotes mere acquiescence. However, in Thurman *v.* Adams 82 Miss. 204 (33 So. 944), the court said: "We find this term 'allow' defined in volume 2, p. 152, Am. & Eng. Enc. of Law (2d ed.), as follows: 'To grant, to admit, to suffer, to yield, to grant license to, to permit, to tolerate.' In volume 2 of the Cyclopædia of Law & Procedure, p. 134, we find the term 'allow' further defined, 'to fix, to give.' In Webster's International Dictionary it is defined, 'to admit, to concede, to permit, to consent to.' Mr. Anderson, in his Law Dictionary, defines 'allow,' 'to approve, to sanction, to permit.' We have been unable to find in any of the

books any definition of the term 'allow' which does not imply knowledge or consent." And in 2 Corpus Juris 1156 it is said: "The word [allow] always implies knowledge or consent." We hold that the word "allowing," as employed in the instant petition, implied actual knowledge on the part of the defendant. We further hold that, under the allegations and facts set forth in the petition, the questions as to whether the plaintiff's injury resulted from the alleged negligence of the defendant, or whether the plaintiff, by the exercise of ordinary care, could have avoided being injured, should be determined by a jury.

The cases cited by the plaintiff in error are distinguished by their particular facts from this case. The court did not err in overruling the demurrer.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*