33899. PERRY *et al. v.* POSS.

Decided May 9, 1952—Rehearing denied May 22, 1952.

172

*W. Neal Baird, Neely, Marshall & Greene,* for plaintiffs in error.

*Andrews, Nall & Sterne, Paul Cadenhead,* contra.

WORRILL, J. (After stating the foregoing facts.) ▪ The only ruling required on the general demurrers is whether or not count 2 of the petition set forth a cause of action against the defendants, on the theory that the plaintiff, at the time of the injury, was in the automobile of the defendant company on an errand of mutual benefit to him and the defendants, and was, therefore, an invitee. The ground of demurrer to count 1, that it failed to set forth a cause of action against the defendants on the

theory that the plaintiff was a gratuitous guest, has been abandoned, but it is insisted and argued that count 2 did not set forth a cause of action against either defendant.

In count 1, after alleging various acts of negligence against the defendants, the plaintiff expressly charged that such negligence constituted gross negligence and the proximate cause of his injury. In count 2, however, the plaintiff abandoned the express charge as to gross negligence, and instead alleged that "the errand on which the said Alonzo Perry was engaged was one for the mutual benefit of defendant and petitioner, and as a result thereof the defendants are liable to plaintiff for failure to exercise ordinary care in the premises." Gross negligence, such as will authorize a recovery by a guest in an automobile against his host, must be expressly charged, unless the facts alleged in the petition are such as to demand the inference of gross negligence. *Capers* v. *Martin*, 54 *Ga. App.* 555 (5) (188 S. E. 465); *Wilder* v. *Steel Products Co.*, 57 *Ga. App.* 255 (195 S. E. 226). Since in count 2 gross negligence was not expressly charged, and the facts and allegations of negligence do not demand an inference of gross negligence, as we hold, no cause of action is set forth in this count for damages on the theory that the plaintiff was a gratuitous guest as in count 1. The defendant in error insists, however, that a cause of action was set forth on the theory that the plaintiff was an invitee of Piedmont Feed & Grocery Company, in that he was being transported in its automobile by its servant, Alonzo Perry, on an errand which was for the mutual benefit of himself and the defendant, and that liability exists because of the failure to exercise ordinary care towards him in the premises. Specifically it is argued that the mutual benefit consisted in the fact that the plaintiff was benefited in being driven home after purchasing groceries from the company, and that the latter was benefited by the sale of groceries to the plaintiff. This is not showing, however, and it is not alleged, that the defendant was benefited in the transportation of the plaintiff to his home. For aught that appears from the petition, the transportation may have been merely because of solicitude on the part of the company towards the plaintiff with no resulting benefit, but rather a detriment to it in so far as furnishing him transportation was concerned. It is

not alleged that the transportation was a prerequisite to the purchase of groceries by the plaintiff, and there is nothing in the petition to indicate that he would not have continued to favor the company with his business regardless of whether or not this courtesy was reciprocated. "An invitee in or upon an automobile, to whom the owner or operator thereof owes the duty of exercising ordinary care for his safety, is one whose presence in or upon the automobile is by invitation of the owner or operator for the purpose of conferring some substantial benefit upon his host, that is, something more than merely affording the host the pleasure of the guest's company." *Nash v. Reed,* 81 *Ga. App.* 473 (2) (59 S. E. 2d, 259). See. also *Holtsinger* v. *Scarbrough,* 69 *Ga. App.* 117 (2) (24 S. E. 2d, 869) ; *Atlantic Co.* v. *Taylor,* 80 *Ga. App.* 25 (54 S. E. 2d, 910). The allegations of the petition do not show that the transportation of the plaintiff conferred any benefit upon the defendants, and under the above-stated authorities no cause of action was set forth in count 2 against the defendants or either of them. It follows that the court erred in overruling the general demurrers to that count, and all proceedings thereafter were nugatory. A new trial must be had because it can not be determined from the jury's verdict on which count it was based. Obviously if the jury found for the plaintiff on count 2, based on simple negligence, and not gross negligence, it could not stand, since the general demurrers to that count should have been sustained.

■ Special ground 1 of the amended motion for new trial complains that the court erred in not admitting in evidence the original petition to surrender the charter of Piedmont Feed & Grocery Company and to dissolve the corporation, and the order thereon to that effect by the Superior Court of Fulton County, Georgia, on April 9, 1943. The defendants in their answer denied the allegations as to the company being a corporation, and the plaintiff had introduced in evidence the petition and order granting the charter and adduced testimony that a search of the records in the office of the Secretary of State had been made and failed to disclose that the charter had been surrendered. The court did not err in rejecting the evidence offered by the defendant company. "Under a denial of the allegations in the plaintiff's petition, no other defense is admis-

sible except such as disproves the plaintiff's cause of action; all other matters in satisfaction or avoidance must be specially pleaded." Code, § 81-307. "The existence of the corporation can only be denied by a plea of nul tiel corporation." *Bass* v. *African Methodist Episcopal Church*, 155 *Ga.* 57 (9), 60 (116 S. E. 816); *Watkins Co.* v. *Seawright*, 40 *Ga. App.* 314, 315 (149 S. E. 389). "In the absence of such a proper plea, the defendant will not be permitted, over objection, to submit evidence for the purpose of disproving" the alleged corporate entity. *Stephens* v. *Bibb Investment Co.*, 54 *Ga. App.* 321 (1) (187 S. E. 709). Moreover, the defendant appeared and pleaded unconditionally in the present case, wherein it was alleged to be a corporation; and, not having filed a plea of nul tiel corporation and made its appearance and pleading subject to any plea of nul tiel corporation, can not be heard to deny its corporate existence. See *Executive Comm. of Baptist Convention* v. *Smith*, 175 *Ga.* 543 (165 S. E. 573). The plaintiffs in error seek to distinguish this case in that the contention of no corporation was not made until after judgment, and state that here the defendant company denied in its answer that it was a corporation. Its difficulty, however, lies in the fact that it did not follow the legally required procedure to show that it was not a corporation, to wit, by a plea of nul tiel corporation.

Special ground 2 complains of the refusal of the court to give in charge a timely written request to charge the definition of gross negligence in the following language: "I charge you, gentlemen of the jury, that gross negligence is the want of that care which every man of common sense, how inattentive soever he may be, takes of his own property. It is also defined as want of slight care and diligence, such care as careless and inattentive persons would usually exercise under the circumstances, also as want of that care which even careless men are accustomed to exercise, carelessness manifestly materially greater than want of common prudence, the entire abence of care." It is contended that such charge should have been given, inasmuch as count 1 was based on gross negligence. The court charged that, if the plaintiff was an invited guest, the defendant company would be under the duty of exercising slight care or diligence and that Alonzo Perry was under a like duty as its

servant. The court also charged: "I charge you that a guest riding by invitation and gratuitously in another's automobile can not recover for injuries sustained as a result of the negligence of the driver of such automobile unless the negligence amounted to what is known in law as gross negligence, or a failure to exercise slight diligence or slight care. In other words, a guest in an automobile can not recover damages against his host, who is driving an automobile, for simple negligence, but to authorize a recovery said driver must be guilty of gross negligence." The court also charged as to the difference between simple negligence and gross negligence, stating that the court had already defined gross negligence, and charged that "Slight diligence or slight care is that degree of care which every man of common sense, howsoever inattentive he may be, exercises under the same or similar circumstances." It is thus seen that the judge charged substantially all the elements embraced in the requested charge, and the refusal to give it was not error, especially since the factual situation in the case was not a complex one.

Special ground 3 complains of the refusal of the court to give a requested charge, timely made and in writing, as follows: "I charge you then, gentlemen of the jury, if you believe that said defendant may have been guilty of negligence in some degree, still unless you find that such defendant was guilty of gross negligence as hereinbefore defined I charge you that plaintiff would not be entitled to recover against defendant." The ground states that the requested charge was pertinent and applicable, and that the refusal to give it was prejudicial and harmful and deprived the movants of one of their defenses, but this objection is too indefinite to call for any ruling. It might be added, however, that the court charged that the plaintiff, as a guest, could not recover unles the driver of the automobile was guilty of gross negligence. Clearly no merit is shown in this ground.

Special ground 4 complains that the court erred in refusing to give a timely written request to charge as follows: "I further charge you that whether the guest exercised *this measure of care* required in the actual circumstances of the occasion and situation in warning or protesting to the driver of the car or acting otherwise would be a question for you to decide." (Italics ours.)

Obviously the judge did not err in refusing to give a charge which did not inform the jury what was meant by "this measure of care." The basis for this request seems to be that in the opinion of the movants the plaintiff failed to protest to the driver as to his negligent operation of the automobile, but we can not concur in this view. It is not shown that the driver was not a man of ordinary understanding and comprehension and, so treating him, we are of the opinion that an intelligible protest was made to him by the plaintiff. The record shows that he said to the driver, "Don't you think you are going too far over to the left?" and he testified "That was about ten or fifteen minutes before the accident. One or two cars had passed him on his right at that time. . . He was plumb over to the curb. He waved around and he would get back on his own side and wave back on the other side. . . When I asked him if he didn't think he was driving too fast, that was not very long before the accident." Manifestly, this testimony excludes the plaintiff from the category of "dead freight."

Special ground 5 complains of the refusal of the court to charge a timely written request, as follows: "I charge you, gentlemen of the jury, that a guest in an automobile can not at all times treat himself as 'dead freight,' but when negligence on the part of the driver arises must act as an ordinarily prudent person would act, under the same or similar circumstances, to discover it and avoid its consequences. If, when the defendant's negligence was discovered, or when in the exercise of ordinary care it could have been discovered, the use by the plaintiff of her [his] senses of sight and of hearing in an ordinarily diligent way could have prevented the casualty from occurring, the plaintiff can not recover." It is contended that the refusal to charge deprived the movants of the right to have the jury charged on the question of the duty of the plaintiff if he occupied the position of a guest. Without quoting from the charge, it is deemed sufficient to state that the court fully charged the jury on the principle of law contended for, and this ground is without merit.

The motion for new trial as amended contains numerous other special grounds, but in view of the ruling on the general demurrer to count 2, requiring a reversal of the judgment in that respect, and the nature of the objections in the special grounds

which may not arise again, and with the elimination of count 2, it is deemed unnecessary to pass upon these grounds.

■ Since a new trial must be had, it is unnecessary to rule on the general grounds of the motion for new trial.

*Judgment affirmed in part and reversed in part.* *Sutton, C. J., and Felton, J., concur.*