## 34344. BROWN, Administrator, v. BINNS.

WORRILL, J. 1. Where, in an action for damages for the death of the plaintiff's husband, against the administrator of the estate of the deceased tort-feasor, the petition alleged simply that the husband was riding as an invited guest in the automobile driven by the defendant's intestate when the automobile was wrecked by colliding with a truck being driven along the highway in the opposite direction from that of the automobile, as a result of the negligence of the said deceased tort-feasor, that the said deceased tort-feasor was negligent in not having his car under control, in approaching a curve and bridge at a rate of speed of 80 miles per hour, which speed was too fast for the conditions existing at the place of the wreck, in that he was inattentive to his duties as the driver of the automobile, in that he was exceeding the speed limit of fifty-five miles an hour, and in that he was driving under the influence of intoxicating liquors, that the wreck took place at about 12:30 a. m. on January 26, 1951, and that no act of the plaintiff's husband contributed to the wreck, but that the occupants of the automobile pleaded with the deceased tort-feasor not to drive the automobile so fast, but that the deceased tort-feasor refused to slow down—such petition stated a cause of action, and the trial court did not err in denying the defendant's oral motion to dismiss in the nature of a general demurrer.

(a) There was not such a conflict in the allegations of the petition as would require a construction of the petition against the plaintiff. The petition does not show that the deceased husband had any opportunity to leave the automobile driven by the defendant's intestate after the intoxication and reckless conduct of the intestate became known to him or such an opportunity as would bar him from a recovery of damages for the injuries received and proximately caused by the negligence of the intestate, on the ground of contributory negligence on his part; and since the plaintiff stands in the same position with regard to her right to recover for his death as did her husband, she is not barred on that account from maintaining the action. *Williams* v. *Owens*, 85 *Ga. App.* 549, 551 (69 S. E. 2d, 787), relied on by the plaintiff in error, is distinguishable from the instant case, in that there it affirmatively appeared from the petition that the plaintiff had positive knowledge of the defendant's intoxicated condition and a clear opportunity to leave the automobile driven by the defendant after such knowledge was acquired by her, but failed to do so.

2. Ordinarily questions of negligence, gross negligence, contributory negligence, and whose negligence was the proximate cause of an injury, and related questions are for the jury alone, and the courts will decline to solve such questions on demurrer or by a decision on the general grounds of the motion for a new trial except in plain, palpable, and indisputable cases. *Alford* v. *Zeigler*, 65 *Ga. App.* 294, 300 (16 S. E. 2d, 69); *Cox* v. *Norris*, 70 *Ga. App.* 580(3) (28 S. E. 2d, 888); *DeGolian* v. *Faulkner*, 74 *Ga. App.* 866, 869 (41 S. E. 2d, 661); *Louisville & Nashville R. Co.* v. *Patterson*, 75 *Ga. App.* 1, 4 (42 S. E. 2d, 163). However, where, in the instant case, the evidence showed that the

plaintiff's husband entered the automobile driven by the deceased tort-feasor in Atlanta, that prior to leaving Atlanta, and in the presence of the plaintiff's husband, the deceased tort-feasor consumed one-half of a half pint of whisky, that after passing Covington the automobile was stopped and the plaintiff's husband and the deceased tort-feasor left the car, went to a house and returned to the automobile with a pint of whisky, that the bottle was passed around to the occupants of the car, including the plaintiff's husband and the driver, all of whom took a drink, that thereafter the bottle was placed on the seat beside the driver, that the driver, the deceased tort-feasor, took more than one drink, that most of the way on the trip from Atlanta to Greensboro the deceased tort-feasor drove 70, 75, or 80 miles per hour, and talked and acted like a drunk man practically the whole way there, and that the automobile left Atlanta around 10 or 10:30 p. m., made four or five stops, and was wrecked at a point 1½ miles west of Greensboro at around 12:30 a. m., and where the evidence fails to show that the plaintiff's husband made any objection to the drinking by the driver, but in fact joined in the drinking, and made no complaint about the manner of operation of the automobile and no effort to leave the same after the drinking and reckless conduct of the driver became apparent to him or should have been apparent to him in the exercise of ordinary care—the evidence shows that the plaintiff's husband was guilty of such contributory negligence as to bar a recovery for his death, and the trial court erred in overruling the general grounds of the motion for a new trial.

*Judgment reversed. Sutton, C. J., and Felton, J., concur.*

DECIDED JANUARY 28, 1953.

*Earle Norman,* for plaintiff in error.
*Lewis & Boyd, E. Lloyd Lewis,* contra.