## 35985. HOLLAND *v.* BOYETTE.

Decided February 7, 1956—Rehearing denied February 29, 1956.

500

*Cain & Smith,* for plaintiff in error.

*C. E. Haye, A. J. Whitehurst,* contra.

GARDNER, P. J. It will be discerned from the allegations of the petition that the plaintiff and the defendant were engaged, on the date of the event in question, in a joint benefit enterprise. They made the contract together and continued the enterprise of working on the income tax returns until time for each of them to go to supper. The going to supper was as much for the benefit of the plaintiff as any part of the work involved. It was equally beneficial to each of them. Our opinion of the liability of the defendant

is that it is to be measured by ordinary negligence of the defendant and to be measured by the duty on the part of the plaintiff to exercise care for his own protection, under all the facts and circumstances involved in the case under consideration. Such matters and circumstances as are depicted in this petition are to be submitted to a jury, under proper instructions of the court as to the rules of ordinary negligence as applied to all the facts and circumstances developed in a trial before a jury. It is well settled law that in the absence of demurrer directed specifically to this point, where a cause of action is set out which would entitle the plaintiff to recover on proof of ordinary negligence on the part of the defendant, the mere fact that the plaintiff characterizes the acts of negligence set out as being gross will not defeat recovery, where ordinary negligence is proved. *Blanchard* v. *Ogletree,* 41 *Ga. App.* 4, 10 (152 S. E. 116); *Fountain* v. *Tidwell,* 92 *Ga. App.* 199 (88 S. E. 2d 486). Accordingly, the trial court did not err in overruling a general demurrer to the petition to the effect that the facts alleged fail to show the defendant guilty of gross negligence so as to make the defendant liable in any sum.

The trial court did not err in overruling the demurrers to the petition.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*