36490.   United States Fidelity & Guaranty Co. v. Sanders.

Townsend, J.   1.   "It is well settled law that in the absence of demurrer directed specifically to this point, where a cause of action is set out which would entitle the plaintiff to recover on proof of ordinary negligence on the part of the defendant, the mere fact that the plaintiff characterizes the acts of negligence set out as being gross will not defeat recovery, where ordinary negligence is proved. *Blanchard* v. *Ogletree*, 41 *Ga. App.* 4, 10 (152 S. E. 116); *Fountain* v. *Tidwell*, 92 *Ga. App.* 199 (88 S. E. 2d 486)." *Holland* v. *Boyette*, 93 *Ga. App.* 497, 501 (92 S. E. 2d 222). Accordingly, on the trial of an action by the plaintiff insurance company as subrogee, of its insured who suffered a fire loss due to the alleged negligence of the defendant, an independent contractor who owned the plaintiff's insured only the duty of ordinary care in sanding and refinishing her floors to avoid injury to the premises, it was error for the trial court to charge: "In this case it is contended by the plaintiff that the defendant W. D. Sanders and his employees were guilty of gross negligence. . . . I charge you that gross negligence is a failure to use that degree of care which every man of common sense, however inattentive he may be, would exercise in the same or similar circumstances. . . . It becomes a question of fact for you to determine, whether or not you believe that this defendant or his employees were guilty of such negligence as alleged in this instance. This suit is based by the plaintiff upon that type of negligence as set forth in the petition. That is to say, the plaintiff claims he was injured, and injured by the gross negligence of the defendant. . . You will determine . . . all that occurred as disclosed to you, and then say for yourselves whether the defendant through his agents and employees or by himself was guilty of gross negligence or not." This is true although the petition also alleged that certain acts of the defendant's employee were negligent "and that said negligence was so reckless and wanton as to amount to gross negligence."

2. The remaining special assignments of error are either without merit or not likely to recur. The general grounds will not be passed upon as the case is to be tried again.

The trial court erred in denying the motion for a new trial.

*Judgment reversed. Gardner, P. J., and Carlisle, J., concur.*

Decided January 22, 1957.

*A. Mims Wilkinson, Jr.,* for plaintiff in error.
*Ray Gary,* contra.

906

## CORRECTIONS.

Page 5, line 10 from bottom: change "National Nugraph Company" to "National NuGrape Company."

Page 276, line 4 from top: change "28 *Ga. App.* 38" to "23 *Ga. App.* 38."

Page 436, line 22 from bottom: change "Code §§ 36-3903 and 36-3904" to "Code §§ 26-3903 and 26-3904."

Page 678, line 9 from top: change "sustained by her" to "sustained by him."