### 36939. McBEE v. WILLIAMSON.

TOWNSEND, Judge. 1. "An invitee in or upon an automobile, to whom the owner or operator thereof owes the duty of exercising ordinary care for his safety, is one whose presence in or upon the automobile is by invitation of the owner or operator for the purpose of conferring some substantial benefit upon his host, that is, something more than merely affording the host the pleasure of the guest's company." *Nash* v. *Reed,* 81 *Ga. App.* 473 (2) (59 S. E. 2d 259). See also *Holtsinger* v. *Scarbrough,* 69 *Ga. App.* 117 (2) (24 S. E. 2d 869); *Atlantic Co.* v. *Taylor,* 80 *Ga. App.* 25 (54 S. E. 2d 910).

2. The petition in this action by an occupant of an automobile against the driver for damages resulting from injuries in a collision between that vehicle and two others alleges the following: "Plaintiff shows that the defendant Auburn McBee had requested plaintiff to accompany him from the home of defendant to a point near Adairsville, Georgia, for the purpose of transporting a quantity of diesel fuel to said point in order that the said Auburn McBee might refuel a tractor which he owned and which was located in the course of work at the point aforesaid, and that while returning from this mission the collision hereinabove set out occurred." This is a sufficient allegation that the trip was made for the benefit of the defendant driver, and that the plaintiff accompanied him at his request and for a purpose generally beneficial to the defendant, but it is not sufficient to constitute an allegation that the plaintiff accompanied the defendant in order to benefit the latter, other than by affording him the pleasure of his company. Since, in rulings on demurrer, evidence as to the assistance which the plaintiff in fact rendered to the defendant cannot be considered, the petition is insufficient to show any facts changing the position of the plaintiff from that of a gratuitous guest to whom only the duty of slight care is owed to that of an invitee to whom is owed the duty of ordinary care.

3. In *Wilder* v. *Steel Products Co.*, 57 *Ga. App.* 255 (195 S. E. 226) it is held as follows: "In this State a gratuitous passenger riding in the automobile of the defendant can not recover for injuries resulting proximately from the negligent operation of such automobile by a servant of the defendant, unless such negligence be gross. In such a case, where the petition does not expressly allege gross negligence, it can not be held good as against general demurrer unless the facts pleaded demand the inference of gross neglect. Therefore if, when properly construed, the petition showed that the deceased (for whose death the present action was brought) was a gratuitous passenger in the car of the defendant, since the petition did not expressly allege gross negligence, and the facts alleged did not demand the inference of gross negligence, the judge did not err in dismissing the action on demurrer." See also *Perry* v. *Poss*, 86 *Ga. App.* 169, 173 (71 S. E. 2d 283) ; *Capers* v. *Martin*, 54 *Ga. App.* 555 (5) (188 S. E. 465) ; *Townsend* v. *Minge*, 44 *Ga. App.* 453 (2) (161 S. E. 661) ; *Bivins* v. *Tucker*, 41 *Ga. App.* 771, 774 (154 S. E. 820) ; *Leach* v. *Inman*, 63 *Ga. App.* 790 (12 S. E. 2d 103). The amended petition here did not by express statement charge the defendant with gross negligence. It alleged that the automobile driven by this defendant "was driven in such manner that it began to slide in a sideways motion in its own right-hand side of the lane"; that "the automobile was driven over and into the left-hand lane of the highway" and collided with an oncoming car; that it was being driven at a speed of 60 miles per hour; that the defendant was negligent in operating the vehicle at a speed greater than was reasonable and prudent under the conditions (which were that it was raining and the highway was wet and slippery) ; in failing and refusing to control the car so as to avoid colliding with another vehicle; in failing to drive on the right side of the road, and to yield one-half of the traveled roadway to oncoming traffic.

All of the allegations taken together fail to demand the inference of gross negligence, and gross negligence is nowhere expressly charged. For this reason the trial court erred in overruling the general demurrer under the authority of the above-cited cases. Although it is true that a mere allegation that certain facts constitute gross, rather than ordinary negligence is a conclusion, yet it has been well established that where the facts are such that the jury might find them to be either, it

is necessary for the plaintiff to state clearly the theory on which he desires to proceed. The defendant is entitled to this knowledge, and where the petition is susceptible of more than one construction, that most unfavorable to the pleader must be adopted on demurrer.

In summary, the rule is that although a plaintiff charges a defendant with a greater degree of negligence than that for which it is legally liable, in the absence of appropriate demurrer he may recover by proving damages resulting from that degree of negligence for which the defendant is legally liable. *Blanchard* v. *Ogletree*, 41 *Ga. App.* 4 (152 S. E. 116). Also if the plaintiff in one count charges the defendant with two separate degrees of negligence, although the defendant might be held liable under either theory and the petition therefore not subject to general demurrer, it will, on special demurrer pointing out the fact, be held duplicitous. *Flint Explosive Co.* v. *Edwards*, 84 *Ga. App.* 376 (66 S. E. 2d 368). But if the plaintiff merely alleges facts which might amount to either of varying degrees of negligence without specifying what degree of negligence, and what theory of recovery, he relies on, and if the defendant would not be liable under each degree of negligence charged, then the petition is subject to general demurrer.

4. Since the case is to be tried again and it is not known upon what theory the plaintiff will proceed, or what the evidence will be, the assignments of error on the denial of the motion for new trial have been examined and found not to be such as are likely to affect the subsequent progress of the case, and they are accordingly not passed upon here. Code § 6-701 as amended (Ga. L. 1957, pp. 224, 230).

The trial court erred in overruling the general demurrer to the petition.

*Judgment reversed. Gardner, P. J., and Carlisle, J., concur.*

DECIDED JANUARY 17, 1958.

*Wm. A. Ingram,* for plaintiff in error.
*Jefferson L. Davis,* contra.