### 37364. MORRIS *v.* COCHRAN *et al.*

Decided December 5, 1958—Rehearing denied
December 16 and December 19, 1958.

788

*Frank M. Gleason,* for plaintiff in error.

*Strang, Fletcher & Carriger, Shaw & Shaw, George Paul Shaw, Pittman, Kinney & Pope,* contra.

GARDNER, Presiding Judge. ■ Insofar as the cause of action against the defendant Cochran is concerned, if she by negligence caused injuries to him as alleged in the petition, she would be liable to him for the resulting loss, regardless of the relationship between themselves (that is, whether she was his agent or engaged in a joint enterprise with him or not) so long as the

negligent act itself was not committed at his behest so as to make it his act rather than hers. If the act was an independent tort as to himself, he may recover irrespective of the fact that as to third parties the relationship might be such that the defendant's negligence would be imputable to the plaintiff against such third party. It is accordingly not necessary for the plaintiff to allege that he was a guest passenger in his own automobile. As stated in *Central of Georgia Ry. Co.* v. *Macon Ry. & Light Co.*, 9 *Ga. App.* 628 (3) (71 S. E. 1076), although negligence may be imputable so as to make the parties joint wrongdoers as to another who is injured, yet as between themselves one may be the sole author of the wrong and compellable in damages as to the other. Negligence of a driver not caused or ratified by the owner of an automobile riding therein will not prevent an action by the owner against the driver under the common-law principles which render an agent liable to his principal or a servant to his master resulting from a personal tort. See Urquhart v. McEvoy, 204 Misc. 426, 126 N. Y. S. 2d 539.

The cases cited by the defendant Cochran do not hold to the contrary. *King Bros. & Co.* v. *Passmore*, 18 *Ga. App.* 514 (2a) (89 S. E. 1103), and *Freeney* v. *Jones*, 85 *Ga. App.* 1 (3) (67 S. E. 2d 783) hold merely that, where one acts by command of his principal, the principal, and not the agent, is liable to a third party for resulting injury. *Watkins* v. *Brown*, 14 *Ga. App.* 99 (2) (80 S. E. 212); *Gallagher* v. *Gunn*, 16 *Ga. App.* 600 (1) (85 S. E. 930), and *Lytle* v. *Hancock County*, 19 *Ga. App.* 193 (1) (91 S. E. 219) deal with imputable negligence as against innocent third parties. The case of *Archer* v. *Aristocrat Ice Cream Co.*, 87 *Ga. App.* 567 (74 S. E. 2d 470) also deals with imputable negligence and holds that mere part ownership of an automobile by one who is the employee of the driver and subject to him creates no liability against the employee passenger, who cannot be presumed to be directing the operation of the vehicle.

Where the action is solely between the owner of an automobile and one who drives it in such a manner as to injure his person or property, the question of imputable negligence is not involved. Accordingly the petition, stripped of all conclusions alleged by the plaintiff as to the relationship between the parties, still sets

forth a cause of action against the driver on the ground that her lack of care, not caused by any act or direction of his own to her, inflicted injuries upon him. The trial court erred in sustaining the general demurrer of Betty Cochran.

The petition alleges, as against the defendant Bell, that his son was guilty of certain specified acts of negligence in attempting to pass the automobile ahead of him while approaching the plaintiff's car at a time and place where it was dangerous to do so, the road not being clear ahead, and that this negligence concurred with the negligence of Betty Cochran in causing the plaintiff's injuries. The demurrers of the defendant Bell were on the grounds that (a) the court had no jurisdiction of him, a nonresident, because no cause of action was set out against the defendant Cochran, and (b) no cause of action was set out against him. As we have seen, the petition does set out a cause of action against Cochran and the first ground of demurrer is without merit. As to the second ground, the petition presents a jury question under the facts alleged as to whether the negligence of both defendants concurred so as to cause the injury to the plaintiff.

The petition here was apparently drawn on the theory that the plaintiff was a guest passenger, for which reason the question of imputable negligence has not been fully developed in the briefs of counsel. Since, however, the general demurrer raises the question of the plaintiff's right to recover against Bell, and since he cannot recover against Bell if his negligence was equal to or greater than that of the defendant, it is necessary also to consider this issue. Unquestionably, the negligence of the driver, Cochran, is imputable to the owner Morris. *Pollard* v. *Roberson*, 61 *Ga. App.* 465 (3) (6 S. E. 2d 203); *Rogers* v. *Johnson,* 94 *Ga. App.* 666, 678 (96 S. E. 2d 285); *Mayor &c. of Savannah* v. *Waters,* 27 *Ga. App.* 813 (109 S. E. 918). Even so, the facts alleged do not reveal as a matter of law that the negligence of Miss Cochran imputable to the plaintiff was equal to or greater than that of Bell so as to absolutely bar him from recovery, but present a jury question on this issue. We are confronted with the proposition, however, that the plaintiff has in fact alleged that the acts of his driver constituted gross negligence and the

acts of Bell constituted ordinary negligence, and, if the plaintiff is bound by these legal conclusions, he obviously cannot recover as against one guilty of less negligence than that imputable to himself. Where it is necessary in order to support a recovery against a defendant to show gross negligence, and the facts alleged may amount to either gross or ordinary negligence, a petition which fails to allege that the negligence was gross is subject to demurrer. *McBee* v. *Williamson*, 96 *Ga. App.* 859 (3) (101 S. E. 2d 910). When, however, the plaintiff alleges facts which would support a recovery and then by way of conclusion alleges that which is unnecessary to the cause of action and which it is not incumbent upon him to prove, the conclusion may be disregarded and treated as surplusage. In *Western Union Tel. Co.* v. *Harris*, 6 *Ga. App.* 260 (2) (64 S. E. 1123) it was held: "Although the negligence with which a defendant is charged may be characterized in the plaintiff's petition as wilful and wanton, if the specific facts alleged do not warrant such conclusion the rule of duty which merely requires the exercise of ordinary care and diligence is not affected thereby; nor does it in such a case become incumbent upon the plaintiff, by reason of such allegation, to prove more than is required by law to entitle him to recover. The legal conclusions of the court are to be drawn from the statements of fact contained in the pleadings, unaffected by the conclusions of the pleader." See also *Holland* v. *Boyette*, 93 *Ga. App.* 497 (92 S. E. 2d 222) ; *U. S. F. & G. Co.* v. *Sanders*, 94 *Ga. App.* 904 (96 S. E. 2d 531). Since the plaintiff here did not need to allege or prove gross negligence against his driver in order to sustain his cause of action, and since the facts alleged do not demand the inference that the driver was more negligent than the defendant Bell, this conclusion may be disregarded. Accordingly, a jury question is presented as to whether the negligence of the defendant Cochran which is imputable to the plaintiff was equal to or greater than that alleged against the defendant Bell.

The petition sets forth a cause of action against both defendants, and the trial court erred in sustaining the general demurrers and dismissing the petition.

*Judgment reversed. Townsend and Carlisle, JJ., concur.*