### 39195. TATUM v. CLEMONES.

DECIDED JANUARY 3, 1962—REHEARING DENIED JANUARY 23, 1962.

*David N. Vaughan, Jr.,* for plaintiff in error.

*Parker, Clary & Kent, Horace T. Clary,* contra.

NICHOLS, Presiding Judge. The plaintiff's petition alleged, in substance, the following: The defendant operated a race track for profit in Floyd County, Georgia, that "Plaintiff shows that fast, small automobiles usually referred to as Go-Karts were used in racing exhibitions for the entertainment of the general public and for which an admission was charged to persons entering the premises to view the races. Said Go-Karts were driven around the track at high speeds and were operated by various persons. Defendant owned Go-Karts which were placed in races and also other owners of Go-Karts exhibited same, under the supervision and direction of defendant. Plaintiff, on said date of July 1, 1960, paid defendant an admission fee, and entered the race track at defendant's invitation to view the races. Plaintiff shows that it was the duty of the defendant to exercise a high degree of care in the operation of said race track and the Go-Karts thereon in a safe and prudent manner. Said Go-Karts were driven around said track at high rates of speed and were dangerous instrumentalities (said speed sometimes approaching 100 miles per hour). It was the duty of said defendant to see to it that said Go-Karts were in good mechanical condition in order to avoid accidents, and to protect the safety and lives of the general public and their employees. It was the further duty of the defendant to place a fence or enclosure around the outside of the race track on which said high speed Go-Karts were operated to insure the safety of the spectators and their employees. Said defendant was the manager and operator of said race track, and was negligent on July 1, 1960, in that he failed to ascertain the mechanical condition of a Go-Kart operated in a race by a driver whose identity is unknown to plaintiff, but is well known to the defendant, the negligent operation of which caused the injury and damage to the plaintiff herein complained of. Defendant was further negligent in that he failed to have proper safeguards around said track by means of a fence or other enclosure, to protect spectators from injury from colliding vehicles, malfunctioning vehicles, or negligently driven vehicles. Said defendant was further negligent in that he failed

to use due care to ascertain if the drivers of said vehicles were qualified to drive in such races, and in that he allowed unqualified drivers to take part in said events, and that defendant allowed drivers to go on the track between races without warning to spectators. Plaintiff shows that there were two tracks, one within the other one and the inside track was used by the Go-Karts and the other (the outside track) was used by stock cars and that spectators could receive pit passes upon admission to the track and go in the pit or on the outside track to watch the races of Go-Karts and that spectators were accustomed to getting such pit passes and going in the pit or on the outside track to view such races, and that there was no fence or other enclosure to protect spectators in and near said outside track from the dangers of the Go-Karts as they went around said race track. And that defendant well knew that spectators were accustomed to going on said outside track to view the races, and notwithstanding such knowledge, defendant posted no warning signs, or constructed no protective barriers, and did not ask the spectators to leave. And that defendant made no attempt to check the driving ability of the drivers or conditions of the Go-Karts he allowed to race on his track. Plaintiff shows that on said date of July 1, 1960, he was on said outside track along with some friends and other spectators viewing said races, and that during intermission (or between races) the defendant allowed a driver, who is unknown to plaintiff but well known to defendant, to come on said inside track without warning or notice of any kind and that said driver came around said track and across a divider between said tracks and onto the outside track and into the plaintiff, knocking him some 15 feet, and causing the injuries and damages herein complained of; and that said driver is, as aforesaid, unknown to plaintiff, but well known to defendant; and that defendant has refused upon repeated request to give plaintiff the name of said driver. Plaintiff shows that the exact speed of the Go-Kart is unknown to him, but was in excess of 45 miles per hour. Plaintiff shows further that defendant has refused to give plaintiff the name of the owner of said Go-Kart. Plaintiff shows further that he had a pit-pass and a general-admission pass

and, therefore, had a right to be on the outside of aforesaid track. Plaintiff shows that, in addition to the acts of negligence heretofore set out, the defendant, Duane D. Clemones, d/b/a Shandra Farms Race Track, was negligent in failing to exercise ordinary care in keeping the premises and approaches of said race track safe, the same being in violation of Georgia Code § 105-401 and being negligent as a matter of law." The petition then alleged the plaintiff's injuries and damages and prayed for process and judgment.

The duty owed the plaintiff by the defendant under the allegations of the petition was that of ordinary care to keep the premises and approaches safe since under the allegations of the petition the plaintiff was an invitee on such premises. See Code § 105-401 which provides: "Where the owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries occasioned by his failure to exercise ordinary care in keeping the premises and approaches safe."

In support of his petition the plaintiff cites the case of Macon Telegraph Pub. Co. v. Garden, 79 Ga. App. 230 (53 SE2d 371), wherein it was held that, where the sponsor of a "soap-box derby" provided designated space for spectators and while occupying such space the plaintiff was injured by being struck by a car in such race that had not been checked as to its construction, conditions of operation, the ability of the driver, etc., and that it was such negligence, towit: the flimsy construction of the car, its condition of operation and the lack of ability of the driver, together with the failure of the sponsor to provide a barricade to prevent the vehicles from leaving the race course and running into the spectators that caused the plaintiff's injury.

The petition in the case sub judice shows that there were two race tracks, one encircling the other, and that the "Go-Kart" which struck the plaintiff had been on the inner track and the plaintiff on the outer track. The petition alleges that in addition to a general admission fee, which the plaintiff purchased, he obtained a "pit-pass" which entitled him to go on the outside

track to watch the "Go-Kart" races which were taking place on the inside track, and that there was no fence or other enclosure to protect spectators in and near the outside track. The petition is barren of any allegation dealing with the protection afforded patrons who did not obtain "pit-passes," nor is there any allegation as to the plaintiff's knowledge, or lack of knowledge, of the hazards of watching such races from the unprotected area alongside the track. On general demurrer it must be assumed from the lack of such allegations (see *Henderson v. Baird,* 100 Ga. App. 627, 632, 112 SE2d 221; *Estes v. State Highway Dept.,* 103 Ga. App. 406, 408, 119 SE2d 136, and citations), that the plaintiff would have been provided ample protection had he viewed the race from the area provided for spectators generally, and that, with the knowledge of the dangers of viewing such races from trackside where no protection was afforded, sought and received a pass to watch the race from trackside where he watched the race and received the injuries complained of.

The decision in *Macon Telegraph Pub. Co. v. Graden,* 79 Ga. App. 230, supra, is distinguishable from the present case, for there the spectator was in the area designated for spectators. In *Johnson v. John Deere Plow Co.,* 214 Ga. 645 (106 SE2d 901), the plaintiff was in the place designated by the defendants and was not, as in the present case, in a place recognized as hazardous. The plaintiff by voluntarily seeking and obtaining permission to go onto the outside track, a place not designated for spectators, with a knowledge of the dangers inherent to one occupying such a position assumed the risk of injury, and the trial court did not err in sustaining the defendant's general demurrer. See *Hunt v. Thomasville Baseball Co.,* 80 Ga. App. 572 (56 SE2d 828), where it was held "The basis of the proprietor's liability is his superior knowledge and if his invitee knows of the condition or hazard there is no duty on the part of the proprietor to warn him and there is no liability for resulting injury because the invitee has as much knowledge as the proprietor does and then by voluntarily acting, in view of his knowledge, assumes the risks and dangers incident to the known condition."

*Judgment affirmed. Frankum and Jordan, JJ., concur.*