### 39136.   WRIGHT v. LAIL.

Decided January 10, 1962—Rehearing denied February 1, 1962.

*Vernon W. Duncan,* for plaintiff in error.

*Powell, Goldstein, Frazer & Murphy, Frank Love, Jr., Earl J. Van Gerpen,* contra.

FRANKUM, Judge. ■ "Where . . . the petition in an action for damages set out a cause of action against the defendant for negligence under a statement of facts showing a duty on the part of the defendant to exercise ordinary care to avoid injuring the plaintiff, and a violation of that duty, the trial court did not err in overruling the general demurrers to the petition on the ground that the plaintiff had characterized the acts of the defendant as gross negligence but had failed to allege facts sufficient to constitute gross negligence. A different situation is presented when the facts alleged in the petition place on the defendant only the duty to exercise slight care." *Holland v. Boyette,* 93 Ga. App. 497 (92 SE2d 222). To the same effect see *Western Union Tel. Co. v. Harris,* 6 Ga. App. 260 (64 SE 1123); *Blanchard v. Ogletree,* 41 Ga. App. 4 (152 SE 116); *Fountain v. Tidwell,* 92 Ga. App. 199 (88 SE2d 486); *U. S. Fidelity &c. Co. v. Sanders,* 94 Ga. App. 904 (96 SE2d 531); *Morris v. Cochran,* 98 Ga. App. 786 (106 SE2d 836).

In the instant case there was no special demurrer on the ground of duplicity. Accordingly, *Flint Explosive Co. v. Edwards,* 84 Ga. App. 376 (66 SE2d 368), is clearly distinguishable.

We are of the opinion that the plaintiff in the instant case alleged facts showing the measure of care required by the defendant to the plaintiff not to be slight care, but to be ordinary care. It is alleged that the defendant asked the plaintiff to ride in the station wagon for the purpose of locating a rattle in same. This allegation shows that the plaintiff rode in the vehicle not as a guest for his own pleasure and convenience, but he was in the station wagon for the sole benefit of the defendant. Accordingly, the plaintiff, as a passenger, was an invitee to whom the defendant owed the duty of exercising ordinary care to avoid injuring him. *Holtsinger v. Scarbrough,* 69 Ga. App. 117 (24 SE2d 869); *Nash v. Reed,* 81 Ga. App. 473 (59 SE2d 259); *Perry v. Poss,* 86 Ga. App. 169 (71 SE2d 283); *Taylor v. Austin,* 92 Ga. App. 104 (88 SE2d 190); *Fowler v. Glover,* 105 Ga. App. 221 (123 SE2d 903). Cf. *Central Railroad v. Brinson,* 70 Ga. 207 (5a).

Being unable to find the cause of the rattle in the station wagon, the defendant brought it to a stop. The plaintiff opened the door of the station wagon on the right side and turned to get out. At this point of time the defendant "allowed his foot to slip off of the brake pedal onto the gas pedal causing said . . . station wagon to launch forward", thereby knocking the plaintiff, who was attempting to leave the vehicle, onto the driveway causing injuries to his person. The defendant contends that these allegations, at best, show an "accident", "momentary inattention", or "momentary loss of presence of mind", which are insufficient to show the defendant failed to exercise "slight care", citing *Tucker v. Andrews,* 51 Ga. App. 841 (181 SE 673). But having concluded that the defendant was charged with the duty of exercising ordinary care under the facts alleged in the plaintiff's petition, it is only necessary to determine whether the petition alleged facts showing no more than an accident for which no one would be liable, or alleged facts to show negligent acts of the defendant which could be the proximate cause of the plaintiff's injury. The allegation that the defendant "allowed his foot to slip off the brake pedal onto the gas pedal" imports conscious knowledge on the part of the defendant whereby he let his foot slide onto the accelerator. *Colonial Stores, Inc. v. Scholz,* 73 Ga. App. 268 (36 SE2d 189). Whether the defendant failed to exercise ordinary care or whether his actions constituted an inadvertent accident, are jury questions.

"Questions of negligence, diligence, contributory negligence, and proximate cause are peculiarly matters for a jury, and a court should not take the place of the jury in solving them except in plain and indisputable cases." *Southern Bakeries Co. v. White,* 103 Ga. App. 146 (118 SE2d 724), and cases cited therein.

The petition stated a cause of action, and the court erred in sustaining the general demurrer.

■ The defendant specially demurred to several paragraphs of the petition on the ground that the allegations were irrelevant, immaterial, or conclusions. We find that these paragraphs contain allegations which are either allegations of fact germane to the cause of action alleged, or are allegations of inducement which merely serve to show the history of the case and the

surrounding conditions and circumstances where the cause of action arose. *Ga. &c. R. Co. v. Rutherford*, 104 Ga. App. 41 (121 SE2d 159), and cases cited therein; *Etheridge Motors, Inc. v. Haynie*, 103 Ga. App. 676 (120 SE2d 317). Grounds 2, 3, 4, 5, and 6 of the special demurrer are not meritorious, and the court erred in sustaining them.

■ The defendant demurred to the plaintiff's specifications of negligence (see the foregoing statement of facts) upon the grounds that the allegations are conclusions of the pleader unsupported by properly pleaded facts to constitute gross negligence. While it was not necessary for the plaintiff to allege facts showing the defendant was grossly negligent, we must rule upon the specific points raised by the demurrer.

We cannot say that the allegations that the defendant failed to observe the plaintiff attempting to get out of the station wagon and allowing his foot to slip off the brake pedal and hit the gas pedal, while the plaintiff was attempting to leave the car, did not amount to gross negligence. See *Jordan v. Fowler*, 104 Ga. App. 824 (123 SE2d 334). "When certain acts and conduct are alleged to be gross negligence, and reasonable minds might disagree as to the degree of negligence evidenced by such acts, the degree of negligence is a question for jury determination." *Garnto v. Henson*, 88 Ga. App. 320 (1) (76 SE2d 636). See *Brown v. Binns*, 87 Ga. App. 485 (74 SE2d 370); *Hennon v. Hardin*, 78 Ga. App. 81 (50 SE2d 236). It was error to sustain grounds, 9, 10, and 12 of the special demurrer.

However, the failure of the defendant to "exercise due care for the safety of the plaintiff" is no more than a charge of a failure to exercise ordinary care. *Criswell Baking Co. v. Milligan*, 77 Ga. App. 861 (50 SE2d 136). By definition, ordinary negligence does not amount to gross negligence. See *Insurance Co. of North America v. Leader*, 121 Ga. 260 (48 SE 972); *Brown Store Co. v. Chattahoochee Lumber Co.*, 121 Ga. 809 (49 SE 839). The court did not err in sustaining grounds 7 and 8 of the special demurrer.

*Judgment reversed in part; affirmed in part. Nichols, P.J., and Jordan, J., concur.*

ON MOTION FOR REHEARING.

Movant contends that the plaintiff has failed to show a subtantial benefit to the defendant, a host driver, citing *McBee v. Williamson*, 96 Ga. App. 859 (101 SE2d 910).

The facts of the *McBee* case, supra, show the line of demarcation between cases where the host driver is liable for failure to exercise slight care to his guest passenger, and the ones where he is liable for failure to exercise ordinary care. The plaintiff in the *McBee* case, supra, rode with the defendant at the defendant's request, but he did not ride to help the defendant or for any benefit to the defendant "other than the pleasure of the plaintiff's company." In the instant case the plaintiff rode with the defendant to help the defendant locate a rattle in his station wagon. This was of some benefit to the defendant.

We quote the applicable rule announced in *Holtsinger v. Scarbrough*, 69 Ga. App. 117, (1, 2), supra: "1. A 'guest' in an automobile, within the contemplation of the law that towards him the host owes only the duty of exercising slight care, is one who takes a ride in the automobile merely for his own pleasure or on his own business and without making any return or conferring *any benefit* upon the host other than the pleasure of his company. 18 Words and Phrases, 839. 2. The status of one in or upon any part of an automobile for the purpose of conferring *some benefit* upon the owner and driver thereof at his request is that of an invitee, towards whom the owner and driver owes the duty of exercising ordinary care." (Emphasis added). See also *Fowler v. Glover*, 105 Ga. App. 221, supra.

*Motion for rehearing denied.*